MOTT v. NEW YORK SECURITY & TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1900.)

RAILROAD CONSOLIDATION AGREEMENT—PRIOR BONDHOLDERS—NEW BONDS—
CREATION OF TRUST—PREVIOUS DECISION—ACTS IN PURSUANCE OF AGREE-
MENT—EXTENSION OF DECISION.

   Plaintiff sued a depositary to recover certain consolidated railroad bonds, which were deposited under a consolidation agreement providing that they might be exchanged for prior bonds of the individual companies. In refusing the relief asked, the court below said that its decision was based on the fundamental ground that the consolidation agreement did not constitute the old bondholders cestuis que trustent of the new bonds, in whose behalf equity would intervene. *Held*, that the decision of the court below necessarily involved the further determination that the deposit of the new bonds in pursuance of the agreement did not constitute the old bondholders such cestuis que trustent.

Appeal from special term, New York county.

Suit by Valentine Mott against the New York Security & Trust Company and the Louisville, Evansville & St. Louis Consolidated Railroad Company to compel the delivery by the defendant trust company of certain bonds of the defendant railroad company. From interlocutory judgments sustaining demurrers to plaintiff's complaint (60 N. Y. Supp. 357), plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Charles A. Boston, for appellant.

Thomas G. Shearman (James Byrne, on the brief), for respondents.

GOODRICH, P. J. Mr. Justice STOVER has written a full and elaborate opinion, hereto appended (60 N. Y. Supp. 357), setting out the allegations of the complaint, which allegations need not be repeated here. We concur in his conclusions, and in his reasons therefor. But, as the appellant's counsel earnestly argued that the learned justice misconceived the plaintiff's theory of the action, it is proper that this contention should be considered. He refers to the sentence of the opinion in which it was said "that the theory of the plaintiff is that by the agreement of May, 1899, the defendant trust company was constituted a trustee for the benefit of the bondholders of the Huntingburg road, and that the Huntingburg bondholders thereby acquired certain vested rights in and to the bonds issued under the agreement, which may be enforced against the trustee and the grantor," and says that he does not contend that the plaintiff's right accrued directly from the consolidation agreement, as that was carried out and completed, but out of what was actually done in pursuance of the agreement, viz. the actual delivery of the new bonds to the New York Security & Trust Company for the plaintiff's benefit, and that the security company has no interest in the bonds, except to fulfill its duty as trustee. The justice stated that he based his decision upon "a fundamental ground, going to the very root and core of the plaintiff's contention, namely, that under the agreement of consolidation no right of action was conferred upon the bondholders of Huntingburg road, and that they were not cestuis que trustent for whom and in whose behalf a court of equity could intervene." While he did not discuss the effect of the deposit of the bonds with the security company as constituting it a new trustee for the plaintiff, and imposing upon it the duty of delivering to him new bonds in exchange for the old, the question was really involved in his conclusion that the plaintiff acquired no rights, as cestui que trust, to enforce the delivery of the bonds to him until all of the provisions of the consolidation agreement as to the entire amount of the bonds had been fulfilled, and the original mortgage on the Huntingburg road had been canceled, and that the trustees of the original mortgage on that road would be necessary parties in an action for that purpose. If the justice's conclusions are correct, the plaintiff's right of action must have been derived from and through the consolidation agreement, and the delivery of the bonds to the security company conferred no new right of action

upon the plaintiff. It is proper to say that, since the interlocutory judgment was entered in this action, Baker, District Judge, in the United States circuit court, district of Indiana (New York Security & Trust Co. v. Louisville, E. & St. L. Consol. R. Co. [C. C.] 97 Fed. 226), has had the consolidation agreement under consideration, and held that it gave individual holders of bonds of one of the constituent companies no right to compel the delivery to them, severally, of bonds of the consolidated company in exchange for their holdings. His opinion on this subject coincides substantially with the views expressed by Mr. Justice STOVER.

The interlocutory judgment should be affirmed. All concur.