GEORGE COLON & CO. v. EAST 189th ST. BLDG. & CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. December 16, 1910.)

1. CONTRACTS (§ 95*)—DURESS—EFFECT.

A contract procured by duress exercised by means of threats is not void, but voidable, and this, in general, only by the party on whom the duress has been exercised.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 431–440; Dec. Dig. § 95.*]

2. PRINCIPAL AND SURETY (§ 143*)—LIABILITY OF SURETY—DEFENSES.

Where a surety company gave bond to obtain the discharge of a mechanic's lien, it could not plead in defense of the bond that the contract by which the work was done was obtained by duress.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 392; Dec. Dig. § 143.*]

3. MECHANICS' LIENS (§ 228*)—DEFENSES—DURESS—DILIGENCE.

Where an owner for nearly 15 months after a contract for improvements had been executed took no steps to repudiate the same because of alleged duress, neither it nor its surety to release the property from a mechanic's lien could thereafter defend an action on the bond because of such duress.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 411; Dec. Dig. § 228.*]

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by George Colon & Co. against the East 189th Street Building & Construction Company and another. From an order denying a motion of defendant the Illinois Surety Company for leave to serve an amended answer, it appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Nelson L. Keach, for appellant.
Herman Asher, for respondent.

SCOTT, J. The defendant Illinois Surety Company appeals from an order denying its motion for leave to serve an amended answer. The action is to foreclose a mechanic's lien. The appellant is made defendant by reason of its having given an undertaking to discharge the lien, and it alone is defending the action; the owner of the property having made default. The appellant's original answer was practically a general denial. After the trial before a referee had proceeded for some time, appellant was permitted, with the consent of plaintiff, to amend its answer so as to allege that the contract upon which the action is brought was without consideration, and also that plaintiff had willfully and intentionally erroneously exaggerated its claim, and intentionally, by pretense of a fictitious contract, sought to enforce and establish a false and fabricated demand under and by virtue of the lien. The defendant now asks to be allowed to further amend its answer by alleging in effect that the contract upon which plaintiff sues was obtained from the owner of the property affected, a corporation known as East 189th Street Building & Construction

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Company, by fraud and duress, consisting of threats to abandon work on the premises, and to induce others to abandon work thereon, unless said owner would make the contract now sued upon.

The motion was rightly denied, because the alleged defense would be unavailing to appellant. A contract procured by duress exercised by means of threats is not void, but voidable; and as a general rule only the party upon whom the duress was exercised may take advantage of it to avoid the contract. The right of avoidance is purely personal to the party coerced. Robinson v. Gould, 11 Cush. (Mass.) 57. It is true that it has also been held that a surety upon a contract coerced by duress may plead the defense, if he was ignorant of the duress when he became surety; but this exception does not apply to the appellant, because it was not a surety upon the voidable contract. Its undertaking merely took the place of the lien filed by plaintiff, and it cannot by any defense put the plaintiff in a worse position than it would have been in if the lien had remained undischarged. If no undertaking had been given to secure the lien, the right to take advantage of the duress would have rested solely with the owner.

And even if it could be said that for any reason the appellant has succeeded to the owner's right, still it cannot now be permitted to avoid the contract, because it is a fundamental and well-settled rule that one who would repudiate a contract on the ground of fraud and duress must act promptly, or he will be deemed to have elected to affirm it. O. P. R. R. Co. v. Forrest, 128 N. Y. 83–93, 28 N. E. 137; Strong v. Strong, 102 N. Y. 69–73, 5 N. E. 799. The contract alleged to have been induced by duress was executed on August 24, 1909, nearly 15 months before the motion to amend was made. The owner certainly would not be permitted at this late day to repudiate the contract, and the appellant can stand in no better position. Its own contract, upon which it is now sought to hold it liable, is not alleged to have been tainted with fraud.

The order appealed from is therefore affirmed, with costs.

INGRAHAM, P. J., and LAUGHLIN and CLARKE, JJ., concur. McLAUGHLIN, J., dissents.