Patrick McGovern et al., Appellants, *v.* The City of New York, Respondent.

Contract — New York city — construction of subway — when contractor entitled to pay for underpinning stoops — payment for concrete laid beyond ordered line of excavation unwarranted — failure to give notice of intention to review order of Appellate Division sustaining demurrer to defense precludes consideration by Court of Appeals of its sufficiency.

1. Where a contract for construction of a subway in the city of New York provided that the contractors shall be paid for underpinning buildings " per lineal front foot of building underpinned," there is no basis for a claim for payment for underpinning stoops in addition to payment for underpinning front walls of buildings to which the stoops were appurtenant and which were underpinned at the same time, but where the contractors underpinned stoops so situated that it was unnecessary to underpin the walls, they are entitled to treat the underpinning of a stoop as the underpinning of a building and to receive payment per lineal foot front, the front of the stoop for this purpose being considered to be the front of the building.

2. A recovery by the contractor for concrete laid beyond the ordered line for excavation is unwarranted.

3. Where a demurrer to a defense has been sustained the sufficiency thereof cannot be considered by the Court of Appeals upon appeal from a judgment recovered upon a subsequent trial of the issues, in the absence of notice of intention to review the order of the Appellate Division sustaining the demurrer.

*McGovern* v. *City of New York*, 202 App. Div. 317, modified.

(Argued January 30, 1923; decided March 20, 1923.)

Cross-appeals from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 14, 1922, modifying and affirming as

modified a judgment in favor of plaintiffs entered upon a verdict.

*Thomas F. Conway, Joseph A. Kellogg* and *Thomas E. O'Brien* for plaintiffs, appellants and respondents. The true construction of the contract required plaintiffs to include the cost of underpinning stoop walls in the underpinning schedule item and not elsewhere, or at least the contract was clearly susceptible of that construction, and hence plaintiffs are entitled to recover for the underpinning of stoops and incidental work at their bid price of eighty-two dollars per lineal foot. Neither section 99 nor section 62 nor section 81 of the specifications in any way applied to the work or its cost. (*Broadway Realty Co.* v. *Lawyers T. Ins. & T. Co.*, 226 N. Y. 335; *United States* v. *U., N. & C. Stage Co.*, 199 U. S. 414; *Canal Co.* v. *Hill*, 15 Wall. 94; *Salt Lake City* v. *Smith*, 104 Fed. Rep. 457; *Wood* v. *Duff-Gordon*, 222 N. Y. 88; *Schermerhorn* v. *Bedell*, 163 App. Div. 445; *Acme Realty Co.* v. *Schinasi*, 154 App. Div. 397; 215 N. Y. 495; *Smith* v. *Adams*, 206 Mass. 513; *Commonwealth* v. *Blaisdell*, 107 Mass. 234; *City of New York* v. *Beuk*, 43 Misc. Rep. 663; *Ogontz Land Co.* v. *Johnson*, 168 Penn. St. 178.)

*George P. Nicholson*, Corporation Counsel (*John F. O'Brien* and *Willard S. Allen* of counsel), for defendant, respondent and appellant. Even if this court should decide, as matter of law, that the work of maintaining, supporting and restoring the stoops constitutes " underpinning," or if it should decide, as matter of law, that the jury had the right to determine, as matter of fact, that such work constitutes " underpinning," the conclusion would, nevertheless, follow that plaintiffs are not entitled under the contract, to be paid any additional sum for such work. If the work is " underpinning," payment therefor is included within the price per lineal " front " foot of building underpinned. (*Daniels Co.* v. *City of New York*, 196 App. Div. 856.)

*Per Curiam.* The plaintiffs are contractors engaged in the construction of the Lexington avenue subway in the city of New York. They sue for a balance alleged to be due upon the completion of the work. Six causes of action are stated in the complaint. At the trial the plaintiffs succeeded upon all. The Appellate Division cut out the recovery upon the first cause of action. This was for underpinning the stoops along the route. Elimination of that item reduced the judgment from $330,381.28 to $131,485.90. In other respects the verdict was approved. There are cross-appeals in this court.

We think the plaintiffs' recovery upon the first cause of action was excessive, but that the Appellate Division erred in denying it altogether. The specifications provide that the contractors shall be paid for underpinning buildings " per lineal front foot of building underpinned." The plaintiffs ask compensation for underpinning sixty-seven stoops. In thirty-eight instances, they underpinned at the same time the front walls of the buildings to which the stoops were appurtenant. We find no basis for their claim that in addition to the payment which has been made to them for the walls, they should have payment for the stoops. In twenty-nine instances, they underpinned stoops so situated that it was unnecessary to underpin the walls. We think they are entitled in such circumstances to treat the underpinning of a stoop as the underpinning of a building, and to receive payment accordingly. Even where these conditions existed, their claim, however, is excessive. They were paid by the verdict of the jury for every foot of the perimeter. They should have been paid per lineal front foot, the front of the stoop for this purpose being considered to be the front of the building. A new trial of the first cause of action will be necessary to ascertain how much the verdict should be when figured upon that basis.

We think the second, third, fourth and fifth causes of action were properly disposed of at the Appellate Division.

The recovery upon the sixth cause of action is in our judgment excessive to the extent of $3,594.90, for concrete laid by the plaintiffs beyond the ordered line for excavation.

The question of the application of section 37 of the Rapid Transit Act (L. 1909, ch. 498) is not before us, since the defendant has not given notice of its intention to review the order of the Appellate Division sustaining the demurrer to its defense. (*Osborn* v. *Cardeza*, 208 N. Y. 131, 136.)

The judgment of the Appellate Division and that of the Trial Term should be modified by granting a new trial of the first cause of action, with costs to abide event, and by reducing the judgment upon the other causes of action by the sum of $3,594.90, and as so modified the judgment upon said causes of action should be affirmed, without costs to either party.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.