MARY GLEASON, Plaintiff, *v.* LEBOLT & Co., Defendant.

Supreme Court, New York County, January 7, 1925.

Sales — warranty — action for breach of warranty that diamond ring purchased was perfect and free from flaws — complaint is sufficient, under Personal Property Law, § 130, which alleges that defendant was notified within reasonable time that buyer, plaintiff's assignor, knew or ought to have known of breach — whether or not elapsed period was reasonable time cannot be determined as matter of law.

The complaint, in an action to recover damages for breach of a warranty that a diamond ring purchased was a perfect stone, free from all flaws or defects, is sufficient under section 130 of the Personal Property Law, which alleges that the plaintiff's assignor gave notice to the defendant of the breach of warranty within a reasonable time after he knew, or ought to have known, of such breach, for the allegation so stated amounts to an allegation of an ultimate fact.

Whether or not the elapsed period between the purchase and the notification was reasonable cannot be determined as a matter of law.

MOTION by defendant to dismiss complaint for insufficiency.

*Bijur & Herts* [*Harry Bijur* and *Victor J. Steinberg* of counsel], for the plaintiff.

*Blumenstiel & Blumenstiel*, for the defendant.

MULLAN, J. The plaintiff alleges in her complaint that her assignor purchased from the defendant on or about December 31, 1920, " a marquis diamond ring, weighing 10.52 carats, for the sum of $25,000, upon the express representation and warranty that the said diamond was a perfect stone, free from all flaws or defects of any character or description; " that the said warranty was false, etc.; that in June, 1922, the buyer " first discovered " the falsity of the warranty and " immediately gave notice to the defendant " thereof; and that " the aforesaid notice to the defendant herein was given by the said [buyer] within a reasonable time after she knew, or ought to have known, of such breach."

The defendant assails the complaint for insufficiency, contending that there is nothing in it from which an inference may properly be drawn that the plaintiff has in fact complied with the requirement of the Personal Property Law, section 130 (as added by Laws of 1911, chap. 571), that the buyer give the notice of breach " within a reasonable time after the buyer knows, or ought to know, of such breach." While it is true that, because of the plaintiff's failure to set out the nature of the claimed flaws or defects, or anything to show excuse for the considerable period of time between purchase and discovery, one is unable to glean from a reading of the complaint the slightest notion of the character of the alleged defects or the reason for the delay in giving the notice, I am of the opinion that the bare allegation of timely notice, in the words of the statute, is a sufficient statement of ultimate fact.

When Judge LEHMAN was a member of this court, he held that an allegation by a plaintiff that an offer by him to return certain securities " was made within a reasonable time after the purchase of said securities " (reasonableness of time of the offer being an essential to recovery under the terms of the contract there in question) was a statement of ultimate fact. (*Brizse* v. *Lisman,* 170 N. Y. Supp. 208.) As the learned judge remarked, he had in mind the rule against pleading evidence.

It would be difficult, if not impossible, in most cases, *actually to show* reasonableness of time in giving notice of a breach of warranty, except by the allegation of what ordinarily would be considered purely evidentiary matter. Nor does a ruling that an allegation of reasonableness of notice under the statute in question may be made in conclusive form go farther than has been gone in a similar direction. While a waiver must be shown and not stated as such (*Sasse* v. *Order of United Commercial Travelers of America,* 168 App. Div. 746), the Court of Appeals has gone to the length of holding that an allegation that a contract was made " for a valuable consideration " is a statement of ultimate fact. (*California*

*Packing Corporation* v. *Kelly Storage & Distributing Co.,* 228 N. Y. 49.)

Although defendant's counsel does not seem to press the point very earnestly, he argues also that the period between purchase and discovery was, as matter of law, too great. I think it is clear that the contention is untenable. We do not know how difficult it may have been to discover the flaw. We do not know whether the plaintiff's assignor had any knowledge of diamonds, or whether the circumstances were such as to permit her, as a reasonably cautious person, to rely wholly upon the possible expert knowledge of the defendant's salesman. The peculiar circumstances of each case must govern the decision in that case as to whether or not the buyer acted reasonably in respect of the discovery of a defect. (See, generally, the recent instructive opinion of CARDOZO, J., in *Schnitzer* v. *Lang,* 239 N. Y. 1.) Had the plaintiff chosen to state the nature of the defects and the reasons for the buyer's delay in giving notice, she might have herself shown a situation that would put her out of court on her own version. (*Mott* v. *New York Security & Trust Co.,* 29 Misc. 39; affd., 52 App. Div. 623; *Brizse* v. *Lisman, supra.*) As the pleading stands, however, she is entitled to show any valid reason for the delay.

Motion denied. Order signed.