In the Matter of the Estate of OSCAR J. GUDE, Deceased.

Surrogate's Court, New York County, November 22, 1933.

* See, also, 151 Misc. 59.

*Thomas J. O'Neill*, for the petitioner.

*Daniel F. Cohalan*, for the respondent Mary Gude Burdick.

*Joseph W. Drake*, for the respondents Frederick G. Gude and others.

*Hamilton Hicks*, for the respondents Oscar J. Gude and others.

*Basil O'Connor* and *Charles Rosenbaum*, for the respondent Nanette G. Bayne.

*A. Spotswood Campbell*, for the respondent Walter E. Gude.

*Harold E. Lippincott*, for the respondent Arthur J. Gude.

*Barker, Perrigo & Bonynge*, for the National Surety Corporation.

*Edward F. Keenan*, for George S. Van Schaick, Superintendent of Insurance of the State of New York, as rehabilitator of the National Surety Company.

*Lamar Hardy*, special guardian for infants.

DELEHANTY, S. A trustee appointed by and acting under the last will and testament of deceased has filed in this court a petition to vacate and annul a decree made by this court in a proceeding to which he was a party. Respondents on such application have moved to dismiss the proceeding so instituted on the ground that the petition of such trustee affirmatively shows that he is not entitled to the relief sought. The situation thus presented is that the parties moving so to dismiss the proceeding have admitted all of the facts asserted in the petition and all reasonable inferences to be drawn therefrom. The court must proceed to determine the question of law thus presented on the basis of such fact assumption.

The records of the court, made a part of the application to vacate, show that some time after the death of deceased a petition was presented to this court by a daughter of deceased, wherein she sought to remove the then acting trustees. While such petition was pending a son of deceased filed a similar petition seeking the same relief. The trustees appeared in these respective proceedings

and eventually a hearing was had upon issues raised by the answers of the trustees and an order was made which, among other things, required the trustees to file an account of their proceedings. Following such direction for a compulsory accounting, the trustees filed a petition in this court, together with their account, asking that their account be judicially settled. The two accounting proceedings were consolidated and in due course objections were filed by various persons, some of whom were infants appearing by a special guardian appointed by this court. Generally the accounting proceeding was attended by all parties in interest — six separate groups being represented by separate counsel. In addition, counsel appeared for the trustees.

The decree ultimately entered settled the account of the trustees and such account, as stated in the decree, established in the hands of the trustees six separate trust funds in equal capital amounts for the benefit respectively of the persons or groups who had filed objections. One only of such trust funds was for the benefit of the person whose conduct is attacked by the moving trustee.

The decree was entered upon a stipulation attached thereto and was itself expressly assented to by the attorneys for the trustees and by the attorneys for all other parties. This stipulation recites the proceedings theretofore had and the filing of objections to the account which by the terms of the stipulation were withdrawn. It then provides a business adjustment of the claims of objectants, the terms of which need not be here recited. It provides further for the decree which was later signed. This stipulation was itself signed by the respective trustees individually, by their attorneys, by the attorneys for the respective parties and by the special guardian for the infants.

The moving trustee complains bitterly of the burden which the decree has placed upon him and asserts that his signature to the stipulation and his assent to its terms and to the terms of the decree were induced by duress which entitles him to relief and to a hearing upon the merits of the controversy originally raised by the account and the objections thereto. His claim is of equitable duress only. He claims no actual duress of person or of property.

The stipulation of settlement effected an integral disposition of then pending controversies. The record establishes beyond doubt the separate interests of the parties to the settlement and separate action by and representation of them. Each of the six individuals or groups had a status wholly independent from that of every other. Each had the unqualified legal right to pursue his objections separately notwithstanding any action taken by any other group or by any number of other groups.

The entire position of the moving trustee is predicated upon a claim of duress by one only of the six persons or groups interested in the controversy. As stated, the settlement evidenced by the stipulation and the decree was an integral whole. The question is, therefore, squarely presented whether duress practiced by one party suffices as a basis to invoke the power of the court to set aside this decree. Since the interests of the person charged with the duress and the interests of the other parties to the settlement are not joint the latter may not be charged with responsibility for the conduct of the former. A close analogy to the present situation is to be found in *Matter of Myer* (184 N. Y. 54, at p. 61) and *Matter of Kennedy* (167 id. 163, at p. 177). In the cited cases it was held that admissions by parties to the record of a proceeding to establish a will cannot be taken in evidence at all (though on logical grounds receivable against him), since his sole admissions may not be permitted to affect the rights of others not in joint interest with him. The settlement here made by all parties in interest having separate rights was as a settlement and adjustment as much an integral whole or *res* as is a will. It follows that the duress here charged against a single party may not be attributed to nor permitted to affect the rights of other parties to the settlement.

Since the settlement is an integral whole, the attack made upon it, limited as it is to duress by a single party to it, must fail as a whole. On this ground alone the motion to dismiss the proceeding by the moving trustee must be granted.

The decree in question was entered on March 18, 1931, and the stipulation was acknowledged by the moving trustee on that day. In the two years and eight months which have elapsed large changes have transpired in the business world. The settlement was a business settlement upon which innocent parties thereto had the right to rely. It is apparent from the petition of the moving trustee that nothing prior to this application had been done by him which called into question either the settlement stipulation or the decree which followed it. The parties hereto assert that as matter of law there has been ratification of the agreement (even if it once was voidable) and such laches on the part of the moving trustee as to require denial of this application. This point too seems to the court well taken. While ratification and laches are to be measured by the facts in each particular case there arrives in the course of time a date as of which the court may say as matter of law that a party has delayed too long. Here the rights of infants were affected by the settlement. No complaint is made in respect of the conduct of the beneficiaries of five out of the six principal sums within control of the trustees

which were adjusted by this settlement. These beneficiaries surrendered legal positions claimed by them to be substantial. They have for over two and a half years rested in the security of a decree of this court. All of the facts upon which duress is now claimed were of course at all times within the personal knowledge of the moving trustee. At the date of the decree he was as fully aware of the falsity which he now alleges respecting the threatened charges against him as he now is. His papers make no showing whatever of reason or excuse for the delay which has transpired. Even in respect of the party charged with the duress his delay suffices as matter of law to bar relief. (*Levy Leasing Co., Inc.*, v. *Siegel*, 230 N. Y. 634, 637; *Abelman* v. *Indelli & Conforti Co.*, 170 App. Div. 740; *Creveling* v. *Saladino*, 97 id. 202; *Lilienthal* v. *Bechtel Brewing Co.*, 118 id. 205; *Heller & Son, Inc.*, v. *Lassner Co.*, 214 id. 315, 319; *Crossways Apartments Corp.* v. *Amante*, 213 id. 430.)

A third and final basis for granting this motion to dismiss is urged by the respondent who is charged with the conduct claimed to amount to duress. This respondent asserts that all that the petition states even if accepted (as it must be for the purpose of this motion) fails to establish duress, and on the contrary must, as matter of law, be held insufficient as allegations of duress. It is urged upon the court that all that is asserted against such respondent is a declaration on the part of her counsel to counsel for the moving trustee of an intention to present matter which under the terms of the Surrogate's Court Act was relevant and material to the inquiry then under consideration by that court. The assertion of an intention to pursue a legal remedy or to present upon a hearing proof relevant to the issues being tried is not duress. (*Oregon, Pacific R. R. Co.* v. *Forrest*, 128 N. Y. 83, 93; *Calhoun* v. *Millard*, 121 id. 69; *Colon & Co.* v. *East 189th St. Building & Construction Co.*, 141 App. Div. 441; *Fowler* v. *Fowler*, 197 id. 572, 575; *Burne* v. *Van Raalte Co., Inc.*, 202 id. 189; *Stayton Realty Corp.* v. *Rhodes*, 200 id. 108.)

In view of the very broad allegations contained in this petition and the inferences reasonably to be drawn from the facts there asserted it may be that argument could be made that the rule of immunity to parties and their counsel in the assertion of legal rights would not be here applicable. It is not necessary, however, to discuss the authorities on that subject. For the two vital defects hereinbefore stated and urged by all parties to the proceeding, the motion to dismiss must be granted and the petition of the moving trustee held insufficient in law to invoke the powers of this court to reopen its decree.

Submit on notice order accordingly.