In the Matter of the Estate of Oscar J. Gude, Deceased.*

Surrogate's Court, New York County, January 10, 1934.

*Greene & Hurd*, for the petitioner, Kerwin H. Fulton.

*Daniel F. Cohalan*, for the respondent Mary Gude Burdick.

*Joseph W. Drake*, for the respondents Frederick G. Gude and others.

*Hamilton Hicks*, for the respondents Oscar J. Gude and others.

* Affd., 242 App. Div. 609.

*Basil O'Connor* and *Charles Rosenbaum*, for the respondent Nanette G. Bayne.

*A. Spotswood Campbell*, for the respondent Walter E. Gude.

*Richard Steel*, for the respondent Arthur J. Gude.

*Edward F. Keenan*, for George S. Van Schaick, Superintendent of Insurance of the State of New York, as rehabilitator of the National Surety Company.

*Lamar Hardy*, special guardian for infants.

DELEHANTY, S. On petitioner's application reargument was allowed of the motion to dismiss the petition herein.

Petitioner seeks to reopen a decree of this court which was entered upon a stipulation signed by petitioner and by his original counsel. Counsel for petitioner is insistent that the court erred in its former decision (150 Misc. 56). Following the reargument the court has re-examined the basis upon which it reached its original conclusion that the petition must be dismissed because it appeared ffirmatively from the matter in the petition or included therein by a reference that petitioner was not entitled to the relief sought.

As stated in the original decision, the stipulation and the decree entered thereon affected the interests of six separate persons or groups. Only one of such persons is charged in the petition with any wrongdoing. No member of the other five groups is so charged and it is specifically and candidly admitted by counsel for petitioner that no basis exists for charges against any other of the persons whose rights were adjudicated by the decree under attack.

Attack is made by petitioner upon the reasoning of so much of the original opinion as discussed *Matter of Myer* (184 N. Y. 54) and *Matter of Kennedy* (167 id. 163) and drew an analogy between the case here for decision and the cases cited. Petitioner asserts that these cases are distinguishable from the instant case because they relate merely to a rule of evidence. True, the question arose in the cited cases as a question of the admissibility of evidence, but the only justification for the ruling was the existence of substantive rights requiring protection by the ruling. That the rulings were made in administering a so-called adjective branch of the law does not alter the fact that a fundamental substantive right in a non-separable *res* or status was recognized to exist in parties who might be prejudiced by admission of the proffered evidence.

Earnest argument is made that *National Bank* v. *Cox* (47 App. Div. 53, 57) and *Barry* v. *Equitable Life Assurance Society* (59 N. Y.

587) constrain a holding that a contract procured by duress is never enforcible. The cases cited in the main opinion establish that whatever may have been the early legal theory of the effect of duress upon a contract it now seems definitely to be the law that when by reason of equitable as distinguished from legal or actual duress one enters into a transaction the nature of which he knows and into which he was under no duty to enter, the transaction is voidable merely. In its Restatement of the Law of Contracts the American Law Institute states the applicable principles thus:

" § 494. When duress renders a transaction void. Where duress by one person compels another to perform physical acts manifesting apparent assent to a transaction the transaction does not affect his contractual relations if the party under compulsion (a) does not know or have reason to know the nature of the transaction to which he apparently manifests assent, or (b) is a mere mechanical instrument without directing will in performing the acts apparently indicating assent.

" § 495. When duress makes a transaction induced thereby voidable. Where the duress of one party induces another to enter into a transaction, the nature of which he knows or has reason to know, and which he was under no duty to enter into, the transaction is voidable against the former and all who stand in no better position, subject to the qualifications stated in § 499."

There can be no doubt that petitioner knew fully the nature of the transaction into which he entered. There can be no doubt that he was under no duty to enter into the transaction and the court adheres to the view that even if it involved only the party against whom the duress is charged the contract was merely voidable and not void. It follows that all argument predicated upon petitioner's position that the contract initially was wholly void can have no weight here.

An aspect of the claim here made by petitioner deserves comment. Aside from the analogy furnished by *Matter of Myer* and *Matter of Kennedy (supra)*, the legal position now asserted by petitioner involves (if it be assented to) a view of the law which would render hazardous in the extreme the position of every party to a multi-party contract. Indeed if the legal theory of petitioner is sound no one could safely enter into contract with more than one person at a time. On the state of law assumed by petitioner every party to a contract is at the hazard not alone of defending his own conduct but of defending the conduct of persons strangers to him in position and in interest. Business and commerce would be impossible if the law were as claimed.

Whether the conclusion reached by the court is best phrased by

dealing with this decree and the settlement effected thereby as a single *res* and hence immune to the attack of petitioner predicated upon acts of only one party thereto, or by dealing with it on grounds of estoppel, the result reached must be the same. In *National Bank* v. *Cox* (*supra*), cited by petitioner, a sentence in the opinion immediately following the text quoted in petitioner's brief illustrates the point now under discussion. It says: " It is quite true that under certain circumstances the person who was coerced may be estopped from insisting that the contract was not valid; but unless thus estopped he is at liberty to assert the invalidity of the contract whenever he is called upon to perform it."

What clearer basis to estoppel can exist than is inherent in the very circumstance that a party to a contract, claiming to be a victim of equitable duress, signs and interchanges contracts with other parties known by him to be innocent of wrong and thereby leads them to waive their legal rights upon the credit of his supposed concurrence in what was then being done. The petition herein presents to this court a report of a scene participated in by petitioner and his co-executor on the one part and six beneficiaries or groups of beneficiaries on the other. In petitioner's own papers there is presented proof that with his own counsel he sat down with the beneficiaries of the estate he was administering and received from all of them stipulations definitely affecting their legal rights and legal position. By means of the stipulation which they signed petitioner avoided a then pending controversy. He says that he was then under the pressure of duress. He did not disclose that fact to any of the parties to the agreement of settlement and concededly none of them knew anything of it, save the single person charged with producing it. In respect of all the others the very circumstances of the settlement estop petitioner from " insisting that the contract was not valid." As respects these others he was under a duty to speak when the settlement was under negotiation and the stipulation of settlement was ready for delivery. Not having then spoken he is estopped ever to speak to their detriment. If wrong has been done he may not avoid the consequence of that wrong to him by wronging parties to the settlement concededly innocent of wrong, who concededly acted upon his apparent consent to and participation in what was done.

Considered in this light it becomes perfectly clear how analogous is the situation arising on a probate of a will in which many are interested. There an integral and indivisible *res* must fall as a whole or be sustained as a whole. The stipulation and decree here under scrutiny constitute equally an indivisible whole as a settlement and adjustment of property rights in this estate. There

is no way to carve up this single decree and the single contract incorporated in its terms and the single bond to enforce its terms. They must be enforced *in toto* or utterly fail. The interests of parties concededly innocent of wrong require that the decree and the settlement be upheld *in toto*.

Petitioner reargues the position heretofore taken by him that the delay from March, 1931, to August, 1933, did not constitute laches on his part effecting thereby a ratification. This subject was discussed fully in the first opinion filed herein and the court adheres to the ruling there made.

Point is made now by petitioner that the circumstances held by the court to constitute ratification can be considered only upon a trial and not on a demurrer. This petition is directed to the discretion of the court. It incorporates by reference the various proceedings had in this estate in this court. The court is thereby advised by petitioner of the facts which could be developed upon a trial. If in his own papers matter in defense is affirmatively shown by petitioner he is bound thereby on an issue such as this. The court has the right to decide this application upon the basis of the facts so before it. (*Mott* v. *New York Security & Trust Co.*, 29 Misc. 39; affd., 52 App. Div. 623.) The procedural objection is without merit.

Petitioner asks leave to plead over should the court adhere to its original ruling. If the court were of opinion that the position of petitioner could be restated so as to cure objections deemed by the court to be fatal to his petition such leave would be granted. However, the objections are such as cannot be met by further pleading and hence the application for leave to plead over is denied.

Submit on notice order granting the motion to dismiss.