JANDOUS ELECTRIC EQUIPMENT Co., INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 23372.

Court of Claims, February 6, 1936.

*Benjamin McClung* [*Charles B. Sullivan* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Joseph I. Butler, Assistant Attorney-General*, of counsel], for the defendant.

RYAN, J. Claimant contracted to do the electrical work for the completion of the State Office Building, New York city. Among other things, it agreed to install approximately 1,159 ceiling junction boxes and approximately 14,409 outlet boxes. The contract provided: " Holes for installation of ceiling outlets and ceiling junction boxes have in general been provided in floor construction, by others." Holes for ceiling outlets were in general provided by means of removable gypsum blocks in the concrete floors. Although many of these were misplaced no claim is made for the extra work in relocating them. No holes whatever were provided for ceiling

junction boxes. No holes were needed for 300 junction boxes placed in the hung ceiling at the top of the building.

But claimant was required over its protest to cut 859 openings for junction boxes in other ceilings throughout the building. This necessitated hand labor cutting through six-inch reinforced concrete and tile. The expense to claimant was the agreed amount of $6,500.

The contract required claimant to examine conditions at the site and recited that claimant's proposal was made with full knowledge thereof. It further provided that the contractor should consult the complete construction and engineering drawings before submitting its proposal. Claimant's estimator did visit the site, looked up at the ceilings, observed some outlines of gypsum blocks which were more or less concealed with dirt and concrete and, relying upon the statement that holes had been provided, prepared the bid which was accepted.

The defense asserts that had the estimator examined the general contractor's plans he would have discovered the entire absence of holes for 859 junction boxes. Further, that if the estimator had explored the ceilings and the floors by tapping or with tools, he would have made a like discovery.

Claimant was entitled to rely upon the statement in the contract and to believe that holes for ceiling junction boxes had in general been provided. This is so regardless of the provisions respecting visitation of the site and inspection of the general plans. The State had absolute knowledge that no holes had been provided, but did not inform claimant. Under these circumstances claimant may recover. (*Jackson* v. *State*, 210 App. Div. 115.)

Claimant also contracted to install an underfloor duct system with approximately 1,000 outlets for telephones, etc. These were to be arranged for mastic or linoleum floor covering to be placed by others in future. The State required claimant to wait until the floor covering had been placed and then gave directions for locating a few outlets at a time over a period of several months. Claimant had to cut through the floor covering. This was direct interference with the orderly progress of the work. Claimant is entitled to recover the damages it sustained which have been stipulated at $1,000.

Award for claimant on both items.

BARRETT, P. J., concurs.