FARUB FOUNDATION CORPORATION, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, July 29, 1944.

*Jerome F. P. Tobin* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Charles Blandy* and *Jacob Robinsohn* of counsel), for defendant.

FRANKENTHALER, J.    Plaintiff contracted with defendant municipality to fill with grout the voids or faults under certain subway platforms.    The contract was let by public bid based on defendant's plans and specifications.    Payment was to be measured by the quantities of materials used and the contract contained a schedule of approximate quantities of materials as estimated by the City's engineers.    The estimate was based on investigations and tests made by said engineers.    The plaintiff (in next to the last paragraph of the '' general clauses '' of the agreement, at page 31 thereof) represented that necessary examinations and investigations had been made on its behalf and agreed (in the same paragraph) that no claim would be made on the ground of misrepresentation by defendant and (in the second paragraph of the '' contractor's proposal '', at page 52 of the agreement) that the estimated quantities set forth in the contract were in no way guaranteed and they would not be made the basis of any claim in the event that they should not correspond with the final quantities.

The City's approximation of the extent of the voids was much too high and the quantity of material used was less than 13% of the estimated approximate quantity.

In this action the contractor seeks damages arising from the resulting greatly increased unit cost of the work. The theory of the action is that the City's tests were inadequate and that as a result the work was misrepresented.

It is well settled that despite the provisions of the contract above referred to (appearing on pages 31 and 52 thereof), the City would be liable for misrepresentation of the work if false and fraudulent. (*Jackson* v. *State of New York,* 210 App. Div. 115, affd. 241 N. Y. 563; *Young Fehlhaber Pile Co., Inc.,* v. *State of New York,* 265 App. Div. 61.) Where, however, there is present no element of bad faith, concealment of information at hand or conscious misrepresentation, but simply honest error or miscalculation, such provisions in the agreement protect the defendant against liability for loss arising from a difference between the estimated approximate quantities and the quantity actually required. (*Marstin Engineering Corp.* v. *State of New York,* 288 N. Y. 657; *Foundation Company* v. *State of New York,* 233 N. Y. 177; *Kinser Construction Co.* v. *State of N. Y.,* 204 N. Y. 381; *Snare & Triest Co.* v. *City of New York,* 191 App. Div. 184, affd. 233 N. Y. 528; *Pearson & Son, Inc.,* v. *State of New York,* 112 Misc. 29.)

It is not claimed here that the City was guilty of a deliberate purpose to deceive, but, rather, that an innocent error resulted from tests alleged by plaintiff to have been grossly inadequate. It has not been established that the tests used were not reasonably suited to the purpose, and, in any event, even if the contrary be assumed, the mistake has not been shown to be other than honest. It follows that under the authorities cited plaintiff cannot recover damages resulting from the error in defendant's estimate.

The two minor claims of plaintiff for additional payment cannot be sustained. The first is for additional compensation because the City engineers ordered the use of greater air pressure than that specified in the contract in an attempt to force grout into locations where no voids were found. The pipe lines for compressed air were used for cutting the floor of the platform and for drilling holes, for which plaintiff was compensated under the cost-plus provisions of the contract, and no basis has been presented upon which any award may be made to the plaintiff for furnishing the additional pressure.

The second is for additional payment for erecting, maintaining and removing a certain portion of the fence used in the

course of the work. The defendant contends, and its engineer decided, that the plaintiff is not entitled to a second payment therefor because the portion of the fence in question was not, within the meaning of the contract, removed and erected for use a second time. Under the terms of the contract, the determination of the engineer is final and conclusive.

Judgment must accordingly be rendered for the defendant. Findings having been waived, the Clerk is directed to enter judgment accordingly.