JOSEPH F. EGAN, INC., Respondent, *v.* CITY OF NEW YORK, Appellant.

First Department, April 23, 1963.

*Leon A. Fischel* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for appellant.

*Louis Cantor* of counsel (*Max E. Greenberg,* attorney), for respondent.

STEUER, J.  Plaintiff has recovered a verdict against the City of New York in the sum of $160,089.56 after a jury trial.  The action is founded upon a contract for the plumbing work in the construction of Elmhurst General Hospital.  The action originally embraced numerous claims but all except two of those were disposed of during trial prior to submission to the jury.  The two remaining claims which went to the jury and are the subject of this appeal are a claim for extra work in the sum of $23,951.88 and a claim for damages due to delay, amounting to $120,000.

The claim for extra work arose in the following way, accepting plaintiff's version which was evidently accredited by the jury.  A change in the contract plans necessitated further plans to co-ordinate the work of the various contractors.  Defendant's chief engineer on the job directed plaintiff to hire an engineer to do this work.  Plaintiff agreed, did hire such an engineer, and the claim represents his salary.  Obviating all other questions that may be presented as to whether this was extra work, the amount is not recoverable under the contract.  Article 27 of the contract provides that if the contractor deems that any order of the engineer calls for work not provided for in the contract, he must, before complying with such order or proceeding with the work, notify the Commissioner of Public Works in writing and request a final determination.  If the determination is adverse to the contractor, the latter must notify the Commissioner in writing that the work is being done or the direction being complied with under protest.  The contract further provides that in the event of a failure to apply for such a determination any claim for extra compensation therefor is waived.  Oral appeals or protests, according to the contract, shall not be deemed even substantial compliance.

Admittedly there was no request in writing for a determination and no protest.  Plaintiff relies on three points to show a waiver of this clause.  The first is that in the course of the work 82 change orders were issued and payment finally made upon them without the necessity of a request for a determination;

secondly, that defendant's engineer stated that the matter of the extra expense would be left to future determination; and lastly, that the salary of this engineer appeared upon the daily reports submitted by plaintiff on the job. No one, nor the totality of these facts, shows a waiver.

The payment of the other claims for extra work could and did not result in lulling plaintiff into a feeling of security. Such claims were settled long after the work was done and were the result of negotiation with city officials on different levels. That the city later chose to adopt an equitable standard in regard to these claims is no indication that it would waive any rights in connection with this claim. Furthermore, all of these claims were recognized long after the time fixed in the contract for protest. The acceptance of these other claims could not have induced plaintiff to forego protest. Nor are the oral representations of the engineer of any significance. It has long been recognized that the contract provision is designed for the very purpose of preventing a claim based on an assertion of oral waiver (*Woodruff* v. *Rochester & Pittsburgh R. R. Co.,* 108 N. Y. 39; *O'Brien* v. *Mayor, etc. of N. Y.,* 139 N. Y. 543).

Plaintiff points to the fact that the court charged on the question of waiver and the charge, not being excepted to, became the law of the case. In view of the motions to dismiss which made perfectly clear what the city's contention was in this respect, no exception to the charge was needed. Moreover, in terms the charge was unexceptionable. The clause could be waived but not in the manner which the contract provides against. Clearly the contract provides against oral waivers by the persons most likely to be involved in such transactions, namely, the city's field representatives on the job. Such an oral waiver is unavailing. That is not to say that there may never be a waiver but that the proof did not raise an issue of waiver in this instance.

As regards the claim for delay, the jury's verdict cannot be sustained on the amount of the damage. While the amount is less than the rough estimate testified to, when the details of the claim are looked into it is seen that the amount is in substantial excess of the supporting figures. But more significant than this is whether plaintiff waived its right to claim for such damages. Plaintiff applied for a substantial completion payment. Before the same could be obtained it was necessary to obtain an extension of the contract time for completion. In applying for the latter plaintiff expressly stated it waived any claim that it might have for damages due to delay. The extension was granted and also the substantial completion payment. In due course final payment was made and accepted. It is plaintiff's

claim that the waiver was brought about by financial duress. To support this plaintiff's president testified to a conversation with the Commissioner to the effect that the latter would not approve the extension in any instance where there was a claim for damages due to delay. Plaintiff replied that its financial condition was such that the substantial completion payment was urgently needed. To which the Commissioner said, in effect, that he would not get it unless the damage claim was waived.

There is very great doubt whether this constitutes duress. There is no adequate showing that the city was responsible for plaintiff's financial condition. Nor was the city using that condition as leverage to enforce its bargaining position. It was the plaintiff who injected the condition into the bargain, namely, that both sides waive any rights due to delay. The city merely affirmed its prior stated position. Taking advantage of a distressed financial condition is not, in itself, duress (Restatement, Contracts, § 493). Whether the facts here show anything more than that, is not necessary to decide.

It is elementary that an agreement made under duress must be disaffirmed promptly (*Colon & Co.* v. *East 189th St. Bldg. & Constr. Co.,* 141 App. Div. 441; *Port Chester Elec. Constr. Corp.* v. *Hastings Terraces,* 284 App. Div. 966; *Abelman* v. *Indelli & Conforti Co.,* 170 App. Div. 740). Not until the trial did plaintiff assert this claim. In fact in the examination before the Comptroller on this claim two years after completion of the contract plaintiff claimed an entirely different ground to excuse its waiver, namely, that it waived its claim upon a promise by the city that the city would do nothing to cause delay in the future — a promise it was then asserted was broken. Plaintiff now asserts that it was not required to repudiate because, although the immediate cause for its yielding to duress was eliminated, another cause for acquiescence arose. This was the fact that it had taken on several other contracts with the city and it feared reprisals. A general fear of this character is neither a new exercise of duress nor excuse for failure to repudiate an agreement based on duress.

On both of the causes of action no case to go to the jury was established and the complaint should have been dismissed at the close of the plaintiff's evidence.

We are not allowing costs to the successful defendant because of the inordinate length of the appellant's brief. The facts could have been adequately stated, and the legal issues and the arguments developed, in a fraction of the space employed. A party to an appeal, even though successful, cannot expect to charge his adversary with the extra expense that such a brief entails.

The judgment should be reversed, on the law, without costs, and the causes of action dismissed.

EAGER, J. (dissenting in part). I concur in dismissal of the third cause of action to recover damages for delay, but solely upon the ground that, as a matter of law, the plaintiff failed to establish economic duress wrongfully inducing and supporting the avoidance of its written waiver of such damages.

I dissent, however, as to the reversal of the jury verdict upon the cause of action for engineering services. Under the court's charge to the jury, not excepted to, the jury was entitled to find that these services were in the nature of extra work ordered by the city's chief engineer on the job, and the evidence clearly supports such a finding. Concededly, the plaintiff failed to comply with the written request and protest requirements of the contract generally required as the basis for reimbursement for extra work, but, without exception by the defendant, the question was submitted to the jury as to whether or not these requirements were waived. Implicit in the jury verdict is a finding of waiver, and, in my opinion, the record does clearly support such a finding. (Cf. *Abells* v. *City of Syracuse*, 7 App. Div. 501; *Rinehart & Dennis Co.* v. *City of New York*, 263 N. Y. 120, 126; *Foundation Co.* v. *State of New York*, 233 N. Y. 177; *McGovern* v. *City of New York*, 202 App. Div. 317, mod. 234 N. Y. 377, 235 N. Y. 275; *Empire Foundation Corp.* v. *Town of Greece*, 31 N. Y. S. 2d 424.) The Commissioner, himself, was certainly chargeable with notice of the faulty design and what was going on in connection with the work. It certainly may·be assumed that he was well aware of the necessity for and the rendition of the particular engineering services. Under all the circumstances, the services having been required because of the faulty design, and the city having received the benefit of such services and having acquiesced in the procedures followed, it may and should be estopped from insisting upon strict compliance with the contract requirements which were expressly waived by its representative and chief engineer on the job. (See *Abells* v. *City of Syracuse, supra,* p. 509; *A. & J. Cianciulli, Inc.* v. *Town of Greenburgh*, 8 A D 2d 963, affd. 9 N Y 2d 812; *Rason Asphalt* v. *Town of Oyster Bay*, 6 A D 2d 810; see, also, *Planet Constr. Corp.* v. *Board of Educ. of City of N. Y.*, 7 N Y 2d 381.)

BREITEL, J. P., RABIN and BASTOW, JJ., concur with STEUER, J.; EAGER, J., dissents in part, in opinion.

Judgment reversed, on the law, without costs, and the causes of action dismissed.