HENRY J. BRIDGER, Respondent, *v.* JONAS G. GOLDSMITH, Appellant.

A seal unnecessarily affixed to a contract for the sale of personal property cannot affect the rights of the parties, and every defense.is open to either which would exist had the writing not been sealed.

A mere device of one party to a contract intended to shield him from the results of his own fraud practiced upon the other party cannot be the basis of an equitable estoppel.

So, also, where one party to a contract has perpetrated a fraud upon the other by means of which the latter was induced to enter into the contract, he cannot be precluded from seeking redress by a provision in the contract purporting to grant to the former immunity against the consequences of any fraud.

Defendant sold to plaintiff his business, the fixtures and other property in his store. The contract of sale was in writing, under seal and contained a clause to the effect that it was understood and agreed that defendant had made no statements or representations for the purpose of inducing the sale, other than that he had been engaged in the business since 1867. In an action to set aside the sale and recover the consideration paid on the ground that plaintiff was induced to purchase by false and fraudulent representations as to the character of the property, the extent of the business and the income derived therefrom, it appeared that after the negotiations had been completed and the agreement drawn, the clause specified was inserted at the request of defendant. *Held*, that the provision was not a covenant but simply a statement in the nature of a certificate as to a fact; and that plaintiff was not precluded thereby from showing the fraud and obtaining relief therefrom.

Reported below, 3 Misc. Rep. 535.

(Argued October 17, 1894; decided October 30, 1894.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made the first Monday of March, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action upon a contract, the material provisions of which, and the facts, so far as material, are stated in the opinion.

*Isaac H. Maynard* for appellant. The plaintiff cannot maintain this action because of the covenant or agreement

which he made under seal, that the defendant had not in any manner or form stated, made or represented to him, for the purpose of inducing the sale of the business or the making of the agreement, any statements or representations, verbally or in writing, in respect to the business, other than that the defendant had been engaged in the piano business in the city of New York since 1867. (*Parish* v. *U. S.*, 8 Wall. 489; *Rawdon* v. *Toby*, 2 How. [U. S.] 493; *Sawyer* v. *Prickett*, 19 Wall. 146; *Sedgwick* v. *Stanton*, 14 N. Y. 289; *Bleakley* v. *Sullivan*, 140 id. 181; Penal Code, § 554; *Baglehole* v. *Waters*, 3 Camp. 156.)   There is no proof to sustain the finding that the plaintiff was deceived and misled into the execution of the covenant contained in paragraph four of the agreement of sale. (*Lyon* v. *Richmond*, 2 Johns. Ch. 51.)

*John A. Straley* for respondent.   The bill of sale does not estop respondent from asserting the fraud of appellant. ( *Wilcox* v. *Howell*, 44 N. Y. 398; *U. V. Co.* v. *Skinner*, 64 Hun, 293; Broom's Leg. Max. 622; *Shapley* v. *Abbott*, 42 N. Y. 443; *Crawford* v. *Lockwood*, 9 How. Pr. 547; *Kneetle* v. *Newcomb*, 31 Barb. 169; 22 N. Y. 249; *Smyth* v. *Munroe*, 84 id. 361; *Steel* v. *Smelting Co.*, 106 U. S. 447; *Bell* v. *Leggatt*, 7 N. Y. 176–179; *W. C. Co.* v. *Hathaway*, 8 Wend. 483; *Kuhl* v. *Mayor, etc.*, 23 N. J. Eq. 84; Bigelow on Est. [4th ed.] 563; *Dickerson* v. *Colgrove*, 100 U. S. 578; *Boyce* v. *Watrous*, 73 N. Y. 597.)   Appellant's knowledge that the representations contained in the fourth clause were not true prevents his invoking it by way of estoppel. (Bigelow on Est. [4th ed.] 480, 563; *Wilcox* v. *Howell*, 44 N. Y. 398; *Holden* v. *P. Ins. Co.*, 46 id. 1; *Stanford* v. *Lyon*, 37 N. J. Eq. 94; *Blair* v. *Wait*, 69 N. Y. 113; *Steel* v. *S. Co.*, 106 U. S. 447; *Fitzpatrick* v. *Flanegan*, Id. 648.)   As a contract, paragraph four of the bill of sale is void as against public policy. (*Cullen* v. *Butter*, 5 M. & S. 466; *U. F. Co.* v. *Skinner*, 64 Hun, 293; *Shapley* v. *Abbott*, 42 N. Y. 443; *Crawford* v. *Lockwood*, 9 How. Pr. 547; *Kneetle* v. *Newcomb*, 22 N. Y. 249; *Bell* v. *Leggatt*, 8 id. 176; *Sedgwick* v.

*Stanton*, 14 id. 289.)   The fraudulent suppressions of fact not
covered by the fourth clause of the bill of sale would war-
rant the relief granted respondent. (Story Eq. Juris. 207 ;
2 Kent's Comm. 482 ; *Paul* v. *Hadley*, 23 Barb. 521 ; 3 Wait's
Act. & Def. 431 ; *Simar* v. *Canaday*, 53 N. Y. 298 ; Pom.
Eq. Juris. §§ 900, 901, 904 ; *Brown* v. *Montgomery*, 20 N.
Y. 287 ; *Nickley* v. *Thomas*, 22 Barb. 652 ; *Bench* v. *Shel-
don*, 14 id. 66.)

O'BRIEN, J.   The judgment in this case awards equitable
relief to the plaintiff, rescinding and declaring void for fraud
a written contract made by the parties on the 16th day of
March, 1891.   By this contract the defendant sold to the
plaintiff for $3,000 his business, fixtures and other property,
including three upright pianos in his store or place of business
in the city of New York.   The plaintiff went into the posses-
sion of the store and the goods, having paid $2,500 of the
purchase price, and soon after ascertained that he had been
induced to enter into the contract and make the payment by
means of grossly false and fraudulent representations as to the
character and value of the property and the extent and mag-
nitude of the business which the defendant transferred to him
and the income therefrom.   The fraudulent acts and repre-
sentations of the defendant which induced the plaintiff to
purchase and pay for the property are fully alleged in the
complaint, and found by the court upon evidence entirely
sufficient.   In view of these findings we must assume, upon
the consideration of the appeal, that the defendant in nego-
tiating the sale deceived and defrauded the plaintiff.   The
judgment annulled the contract and directed the defendant to
restore to the plaintiff the portion of the purchase price which
was paid.   In this state of the case there would be no ques-
tion for our consideration, except for a peculiar clause which
was inserted in the written instrument, which is the evidence
of the terms and conditions of the sale, at the request and
upon the suggestion of the defendant.   That clause reads as
follows : " It is expressly understood and agreed between the

parties hereto that the said party of the first part has not, in any manner or form stated, made or represented to the said party of the second part, for the purpose of inducing the sale of the said business or the making of this agreement, any statements or representations, verbally or in writing, in respect to the said business other than that the said party of the first part has been engaged in the piano business in the city of New York since 1867."

It is urged by the learned counsel for the defendant that, as this stipulation was inserted in the writing, which is under seal and assented to by both parties, the action cannot be maintained. I assume that the fact that a seal was unnecessarily affixed to an agreement for the sale of personal property cannot affect the rights of the parties. Every defense is open to either party that would have existed in case the writing was unsealed. It appears that after the negotiations had been completed and the agreement drawn, the defendant stated, in the presence of the plaintiff, and the counsel for both parties present, that he wanted a clause of this character inserted. The plaintiff's counsel at first objected to it. The defendant's counsel suggested that it would make no difference, and the plaintiff consented that it might be put in. There is evidence in the case tending to show that the plaintiff voluntarily assented to this stipulation after having been advised by his counsel that it would have the effect of precluding him from subsequently alleging fraud in the transaction, even though it existed in fact. This provision is not a covenant in any proper sense of that term. Indeed, it can scarcely be considered as any part of the agreement at all. It does not relate in any manner to the subject-matter of the contract. It was a mere statement in the nature of a certificate as to a fact. It did not relate to the property or to the terms of the sale or the payments, but to the absence of all fraud from the transaction. The clause cannot be given any greater effect than if it had been written upon a separate paper after the execution of the contract and signed by the parties. The question now is whether it can be given the effect claimed for it by the

learned counsel for the defendant, to preclude the plaintiff from alleging fraud in the sale and pursuing in the courts the remedies which the law gives in such cases. It cannot operate by way of estoppel for the obvious reason that the statements were false to the defendant's knowledge. He may, indeed, have relied upon its force and efficacy to protect him from the consequences of his own fraud, but he certainly could not have relied upon the truth of any statement in it. A mere device of the guilty party to a contract intended to shield himself from the results of his own fraud, practiced upon the other party, cannot well be elevated to the dignity and importance of an equitable estoppel. If the clause has any effect whatever, it must be as a promise or agreement on the part of the plaintiff, that however grossly he may have been deceived and defrauded by the defendant, he would never allege it against the transaction or complain of it, but would forever after hold his peace. It is difficult to conceive that such a clause could ever be suggested by a party to a contract, unless there was in his own mind at least a lingering doubt as to the honesty and integrity of his conduct. I assume that there is no authority that we are required to follow in support of the proposition that a party who has perpetrated a fraud upon his neighbor may, nevertheless, contract with him in the very instrument by means of which it was perpetrated, for immunity against its consequences, close his mouth from complaining of it and bind him never to seek redress. Public policy and morality are both ignored if such an agreement can be given effect in a court of justice. The maxim that fraud vitiates every transaction would no longer be the rule but the exception. It could be applied then only in such cases as the guilty party neglected to protect himself from his fraud by means of such a stipulation. Such a principle would in a short time break down every barrier which the law has erected against fraudulent dealing. It is argued that whatever may be said about the fraudulent character of the sale itself, this particular clause was a bargain fairly made and deliberately entered into by the plaintiff, with

full knowledge of its purpose, scope and effect, and, there-
fore, the plaintiff should be held to abide by it. But it is not
correct to say that even with respect to this clause the parties
dealt with each other at arms length. The defendant, when
suggesting it, had the advantage of his secret knowledge, that
its statements were false, while the plaintiff, on the other
hand, relying upon the truth of the representations made as to
the extent and character of the business, was not upon his
guard, but, assuming that the defendant had told him the
truth, was readily induced to sign a statement which, upon
such assumption, was obviously of no consequence. In fact it
was but a link in the chain and the crowning act which was to
secure to the defendant the full fruits of the fraud and thus
enable him not only to overreach the plaintiff, but the law
itself. This clause cannot be separated from the transaction
in which it originated. It is tainted with the same vice and
must share the same condemnation. As the chain, can be no
stronger than its weakest link, so this clause cannot be made
to survive the rest of the transaction as a shield and protection
to the defendant. I have not thought it necessary to cite
authorities in support of these views, but cases are not want-
ing which by analogy, at least, sustain them, and by an appli-
cation of the principles decided to the facts here, the forego-
ing propositions are legitimately deduced. (*Wilcox* v. *Howell*,
44 N. Y. 398; *Shapley* v. *Abbott*, 42 id. 443; *Hutchins* v.
*Hebbard*, 34 id. 24; *Universal Fashion Co.* v. *Skinner*, 64
Hun, 293; *Crawford* v. *Lockwood*, 9 How. Pr. 547; *Kneettle*
v. *Newcomb*, 22 N. Y. 249; Broom's Legal Maxims, 622;
Bigelow on Est. [4th ed.] 563; *Smyth* v. *Munroe*, 84 N. Y.
361; *State* v. *Smelting Co.*, 106 U. S. 447.)

Much of the argument in support of the appeal rests upon
the proposition that the defendant would not have assented to
the sale without this clause, and as the plaintiff obtained such
assent only by acquiescing in its insertion in the writing, he
ought not now to be permitted to question it. Without
inquiring what the result would or ought to be in case this
assumption was correct, it is sufficient to observe that no such

fact is found, and in the sense in which the defendant claims, it could not have been found from the testimony. While at the end of the transaction he did suggest that the clause should be inserted, and perhaps insisted upon it, yet to say that he would not have made the sale under the same circumstances without it, had the plaintiff refused his assent, is to assert a proposition that finds no support in the facts and circumstances of the case. No doubt the defendant wanted this provision in the contract, but the terms and conditions of the sale had been settled before it was suggested, and it was manifestly intended as a possible safeguard against the result of misrepresentation rather than a *bona fide* condition of the sale.

The judgment is right and should be affirmed, with costs.

All concur.

Judgment affirmed.