ERNST IRON WORKS, INC., Respondent, *v.* DURALITH CORPORATION, Appellant, Impleaded with Another.

(Argued January 20, 1936; decided March 3, 1936.)

*Jesse Freidin, Charles L. Apfel* and *Leonard L. Berliner* for appellant. There is no proof that Duralith with colors had been sold prior to respondent's contract, hence respondent failed to prove its case. (*Smith* v. *Kay*, 7 H. L. Cas. 750; *Bowen* v. *Evans*, 2 H. L. Cas. 757; *Sanborne* v. *Stetson*, 2 Story, 481; *Taylor* v. *Guest*, 58 N. Y. 262; *Moore* v. *Noble*, 53 Barb. 425; *Cochran* v. *Halsey*, 25 Minn. 52; *Cartwright* v. *Hughes*, 147 So. Rep. 393; *Gottlieb* v. *Leach*, 40 Vt. 278; *Fitzhugh* v. *Nirshl*, 77 Ore. 514.) The trial court erred in permitting the introduction of oral statements alleged to have been made by appellant's agent which were specifically contradicted by the terms of the written contract. (*Winch* v. *Farmers Loan & Trust Co.*, 12 Misc. Rep. 291; *Newburger* v. *American Surety Co.*, 242 N. Y. 134; *Rye* v. *Humbley*, Y. B., 8 Edw. II, No. 9; *Jarvis* v. *Palmer*, 11 Paige, 650; *Madison Tire & Rubber Co.* v. *Malcolm Tire Co.*, 123 Misc. Rep. 425; *Electric Paint & Varnish Co.* v. *Binghamton W. W. S. Co.*, 134 Misc. Rep. 638; *Stonemor Realty Co.* v. *Beyda*, 206 App. Div. 476; *Reeves* v. *Corning*, 51 Fed. Rep. 774; *Middleworth* v. *Ordway*, 191 N. Y. 404; *Preeman* v. *United States*, 244 Fed. Rep. 1; *Blair* v. *Baird*, 43 Tex. Civ. App. 134; *Eastern Advertising Co.* v. *Patch*, 235 Mass. 580; *Brown* v. *Burns*, 3 E. & B. 703;

*Wright* v. *Couch*, 54 S. W. Rep. [2d] 207.) There is no competent evidence to support respondent's allegation that it relied upon the alleged oral representation of appellant's agent. (*Newburger* v. *American Surety Co.*, 242 N. Y. 134; *Barnevo* v. *Munson S. S. Line*, 239 N. Y. 486; *Union Car Advertising Co.* v. *Collier*, 263 N. Y. 386; *Buffalo Builders Supply* v. *Reeb*, 247 N. Y. 170; *Brackett* v. *Griswold*, 112 N. Y. 454; *Kreshover* v. *Berger*, 135 App. Div. 27; *Custar* v. *Titusville Water & Gas Co.*, 63 Penn. St. 381; *Colt Co.* v. *Odom*, 136 Miss. 651; *Wright* v. *Couch*, 54 S. W. Rep. [2d] 207; *Colt* v. *Kinard*, 126 S. C. 205; *Russell* v. *Prudential Ins. Co.*, 73 App. Div. 617; *Ochs* v. *Wood*, 221 N. Y. 335; *Dillman* v. *Nadlehofer*, 119 Ill. 567.)

*Irving I. Beckler* for respondent. Oral evidence establishing fraud and misrepresentation was properly admitted. (*Bridger* v. *Goldsmith*, 143 N. Y. 424; *Jackson* v. *State*, 210 App. Div. 115; *Wilson & English Constr. Co.* v. *N. Y. C. R. R. Co.*, 240 App. Div. 479; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Adams* v. *Gillig*, 131 App. Div. 494; 199 N. Y. 314; *Wolfe* v. *Strohecker*, 56 Wash. Law Repr. 446; *Pearson* v. *Lord Mayor*, [1907] App. Cas. 351.) The plaintiff proceeded upon a rescission upon the trial. (*Vail* v. *Reynolds*, 118 N. Y. 297; *Hammond* v. *Pennock*, 61 N. Y. 145; *Brennan* v. *National Equitable Investment Co.*, 221 App. Div. 658; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *Ring* v. *Ring*, 127 App. Div. 411; 199 N. Y. 574; *Matter of Clark*, 233 App. Div. 487; *Ufland & Co.* v. *McMahon*, 215 App. Div. 267; *Keefuss* v. *Weilmunster*, 89 App. Div. 306; *Weigel* v. *Cook*, 237 N. Y. 136; *Heckscher* v. *Edenborn*, 203 N. Y. 210.)

FINCH, J. The defendant is engaged in the manufacture and sale of a wall texture called "Duralith." Since 1933 it has been manufacturing and selling in addition a coloring material called "Duratint." On May

5, 1933, the plaintiff, a corporation having its place of business in Buffalo, New York, signed a printed contract for the purchase of twenty tons of Duralith, and at the same time signed an order for Duratint. The contract was submitted to the officers of the defendant corporation and accepted by them. The products ordered were delivered to the plaintiff and payment was made for them. Shortly afterwards, in July of 1933, this action was instituted to rescind the contract on the ground that the plaintiff had been induced to enter into it by fraudulent representations of a sales agent of the defendant.

The contract signed by the plaintiff is a uniform contract used by the defendant. It contains the following clauses:

" The company makes no representation regarding previous sales in distributor's territory."

" No representation or warranty of any kind shall be binding upon either the Duralith Corporation or the dealer unless it has been incorporated in this agreement."

Despite these provisions of the contract, the plaintiff maintains that the defendant's sales agent, Liberman, told the officers of the plaintiff before they entered into the contract " that ' Duralith ' with colors had not been sold or distributed in the City of Buffalo or County of Erie previously thereto and that if plaintiff entered into said contract that plaintiff would then become the sole distributor for said product in the City of Buffalo and County of Erie in the State of New York and would be the first and only distributor to sell and distribute said product in the said territory  *   *   *." The evidence offered at the trial shows that the defendant had made two or three small sales of Duralith in the city of Buffalo prior to entering into the contract with the plaintiff. There is no evidence that a distributor for the Buffalo area had previously been appointed by the defendant. The jury returned a verdict in favor of the

plaintiff and the judgment entered thereon has been affirmed.

The defendant maintains that the admission in evidence of testimony of statements made by the sales agent, Liberman, violated the parol evidence rule since these statements conflict with the provisions of the contract contained in the above quoted clauses. The plaintiff, however, points to the cases which hold that a person cannot exempt himself from liability for fraud by inserting in his contract a blanket or merger clause. (*Bridger* v. *Goldsmith*, 143 N. Y. 424; *Jackson* v. *State*, 210 App. Div. 115; *Pearson & Son, Ltd.*, v. *Lord Mayor of Dublin*, [1907] A. C. 351. See 5 Wigmore on Evidence [2d ed.], § 2439.) No one can dispute the validity and the justice of the rulings in the cited cases. A rogue cannot protect himself from liability for his fraud by inserting a printed clause in his contract. This principle disposes of the blanket clause providing that no representation shall be binding unless incorporated in the agreement. Whether or not parol evidence of statements made by an agent may be introduced in an action for fraud against a corporation where such statements are at variance with specific provisions in a printed contract which was read by the plaintiff is a closer question (See 56 A. L. R. 13, at p. 51 *et seq.*); but it is one which it is unnecessary to consider now since the case at bar may be disposed of on other grounds.

Assuming that parol evidence of the statements of the agent is admissible and that the testimony of plaintiff's witnesses is true, is the plaintiff entitled to judgment against the defendant? This action is one in rescission for fraud. Fraud is an essential element and must be proven by the plaintiff. Obviously if the statements made by the agent to the plaintiff were true there was no fraud. The plaintiff alleged and offered testimony to show that the sales agent stated that Duralith with colors, that is Duratint had not been previously sold in Buffalo and

that the plaintiff would become the first and only distributor of that product in the territory. To show the falsity of this statement it offered proof of one or two small sales of Duralith which were made about six months prior to its own purchase. But there is no claim that it was ever told that Duralith, as contrasted with Duralith with colors, had never been sold in Buffalo. In fact, it admitted that it was informed of one sale of Duralith in Buffalo made several years before its purchase. It may be, however, that Duralith and Duralith with colors so closely resemble each other that a representation as to one might be regarded as applying to the other. But in view of the admission that it was informed of one sale of Duralith, it is doubtful whether even this would be sufficient to constitute the statement made a misrepresentation.

It is unnecessary, however, to rest our decision on this ground since there is another and more conclusive reason for reversing the judgment obtained against the defendant. The plaintiff seeks to rescind a contract made between it and the defendant on the ground that it was induced to enter into the contract by the fraud of an agent of the defendant. A principal, however, is not liable for loss caused to another by reason of his reliance upon a deceitful representation of an agent unless the representation was authorized or apparently authorized. (American Law Institute, Restatement of the Law of Agency, §§ 162, 257.) There can be no reliance on apparent authority unless the circumstances are such that the plaintiff is entitled to rely upon it. (See *Deyo* v. *Hudson*, 225 N. Y. 602, 612-614.) " If a third person has notice of a limitation of an agent's authority, he cannot subject the principal to liability upon a transaction with the agent in violation of such limitation." (Restatement of the Law of Agency, § 166. Cf. Id. § 167. See Tiffany on Agency, § 19; 75 A. L. R. at p. 1047.)

In the case at bar it is conceded that the officers of the plaintiff read the clause stating that the defendant made no representations as to previous sales. They admit that they understood the meaning of the clause and that although they asked the sales agent to change it he refused to do so because his superiors would not accept the contract unless the clause was included. These officers of plaintiff testified that they received the impression that the sales agent lacked the right to change the contract. Thus from their own mouths we have testimony that they knew of the limitations and that they knew that the agent lacked authority to alter the contract. Under these circumstances there can be no doubt that they were aware that the statement made by the sales agent was not binding upon the defendant.

Furthermore, even if the statement of the sales agent was binding on the defendant, it is clear that the plaintiff did not rely upon the statement. The officers of the plaintiff were business men. They were negotiating a contract. They had asked to have a provision of the contract stricken out but this was refused. Nevertheless they claim that they relied upon an oral statement made to them in direct contradiction of this provision of the contract. What was said by this court in *Union Car Advertising Co.* v. *Collier* (263 N. Y. 386, 390) concerning other parties is equally applicable to the parties in this case. The court there said: " We cannot imagine a man of Mr. Wineburgh's experience in the advertising business relying upon the representations of a general manager contrary to the express terms of the contract he was about to sign. He must have known that Dana had no power or authority to vary the written contract."

The plaintiff in its brief offers the following explanation, based upon testimony in the record, to show that it relied upon the statement of the sales agent. " The plaintiff described the office as a very elaborate place. He stated that the walls were decorated in Japanese

scenes, showing landscape made in relief and each of the walls being decorated in different scenes; that the furniture consisted of a beautiful desk, upholstered chairs in red leather, and curtains on the windows, with a beautiful rug on the floor. That it was nearly lunch time and that Mr. Liberman suggested lunch and invited these boys to the Biltmore Hotel, which they knew was a very expensive place. That after luncheon he signed the check at the hotel and ushered the boys to the cigar stand where the clerk handed out cigars which sold for 50c each." The Ernst brothers further testified that as a result their resistance was lowered and they, therefore, relied upon the statement of the sales agent. The absurdity of this plea is obvious.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgments reversed, etc.