Fuld, J.
On this appeal, here by permission of the Appellate Division, a certified question calls upon us to say whether the court at Special Term was correct in granting defendants’ motion for judgment on the pleadings dismissing the complaint.
Although seeking varied relief, the complaint is primarily one for rescission of certain arrangements, made between plaintiff and the several defendants, on the ground of fraud. The plaintiff, an employee of defendant Delman, Inc., a manufacturer of women’s shoes, invented a machine and a cutting device, obtained patents for them and arranged with defendant Herman Delman (the president of Delman, Inc., until his death in 1955) for their exploitation. It was agreed, among other things, that, out of the proceeds from the sale or lease of the machines, Delman was to receive 75% and the plaintiff the remaining 25%. More specifically, the complaint alleges that in 1940, the plaintiff made an assignment of his applications for letters patent to defendant Delman and in 1942 and 1946 entered into written contracts with him concerning the assignment of the patents and the sharing of proceeds realized ; that, prior to the making of the original assignment and prior to entering into the later agreements, Delman represented to the plaintiff that, if the latter ‘ ‘ would ’ ’ execute the assignment and the contracts, he, “ Delman, would finance [or would undertake to finance] the manufacture of the patented machine ’ ’ and ‘ ‘ would use his best efforts to promote the sale or lease of the machine to other manufacturers. ” The complaint further alleges that the representations, made to induce *159 the plaintiff to make the assignment and the contracts, were “ false,” that defendant Delman “ knew they were false” and made them ‘ ‘ fraudulently, falsely and deceitfully, wrongfully contriving and intending to deceive, defraud and injure ” the plaintiff and that he “relied” on the representations, believing them to be true and “ was thereby induced ” to make the assignment and execute the contracts in question. The complaint then goes on to assert that, “ contrary to the representations and promises ” made, defendant Delman “ never intended * * * to fulfill the said representations and promises ”, but intended “ to defraud the plaintiff of his interest and rights in [his] inventions ”; that “ all of the said agreements and representations inducing them were part of a continuing plan ’ ’ by defendant Delman ‘ ‘ to defraud plaintiff as aforesaid”; that defendant Delman failed to manufacture the machine “ except on two occasions ” and never made any attempt to promote its sale or lease; and, finally, the complaint alleges, the plaintiff, not discovering that the representations upon which he relied were untrue until 1954, has suffered irreparable damage.
These allegations, of “ representation, falsity, scienter, deception and injury ” (Ochs v. Woods, 221 N. Y. 335, 338), unquestionably state a cause of action in fraud, and the prayer for relief unmistakably sounds in rescission; the complaint should not have been dismissed. We do not agree with the Appellate Division that “ the alleged fraudulent statements were promissory in nature and therefore not the basis for an action based on fraud ” or that, since the alleged representations were not set forth in the written contracts, they could not be asserted or relied upon by the plaintiff.
Before discussing the relevant law, it is well to bear in mind that the complaint before us neither asserts a breach of contract nor attempts to enforce any promise made by defendants. On the contrary, as already noted, the plaintiff seeks to set aside the arrangements between defendants and himself on the ground of fraud in the inception. In the plainest of language, he alleges that he was “induced” to assign his patent rights and to enter into the contracts in reliance upon false and fraudulent representations by defendant Delman which he “ never intended * * * to fulfill ”.
*160 While “ Mere promissory statements as to what will be done in the future are not actionable ” (Adams v. Clark, 239 N. Y. 403, 410), it is settled that, if a promise was actually made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of “ a material existing fact ” upon which an action for rescission may be predicated. (See, e.g., Adams v. Gillig, 199 N. Y. 314, 319 et seq.; Ritzwoller v. Lurie, 225 N. Y. 464, 467-468; Adams v. Clark, supra, 239 N. Y. 403, 410; Shipman v. Bennett, 2 N Y 2d 966; see, also, Restatement, Contracts, § 473; 3 Pomeroy on Equity Jurisprudence [5th ed., 1941], § 877d, p. 439 et seq.)
The representations of the defendant Delman in this case, that he would finance plaintiff’s machine and use his best efforts to promote its sale and lease, related to something to occur in the future, but that does not prevent the plaintiff from relying upon them in an action brought to avoid the contracts which they induced. In the Ritzwoller case (supra, 225 N. Y. 465), which involved representations having an element of futurity just as pronounced as those here alleged, the court wrote in language exceedingly apt (pp. 467-468): “ While the representations * * * related to something which was to occur in the future * * * we think the allegations in the complaint describe a case where a defendant has fraudulently and positively as with personal knowledge stated that something was to be done when he knew all the time it was not to be done and that his representations were false. It is not a case of prophecy and prediction of something which it is merely hoped or expected will occur in the future, but a specific affirmation of an arrangement under which something is to occur, when the party making the affirmation knows perfectly well that no such thing is to occur. Such statements and representations when false are actionable within the authority of Adams v. Gillig (199 N. Y. 314).” The statements and representations here relied upon and alleged are likewise actionable, for here, too, there was “ specific affirmation ” of an arrangement under which something was to be done when the party making the affirmation knew perfectly well that no such thing would be done.
The agreements being attached to the complaint, we are brought to a consideration of the impact of the recital in each of them that “No verbal understanding or conditions, pot herein specified, shall be binding on either party.”
*161 The parol evidence rule forbids proof of extrinsic evidence to contradict or vary the terms of a written instrument and, accordingly, one who seeks, in a breach of contract action, to enforce an oral representation or promise relating to the subject matter of the contract cannot succeed. (See Fogelson v. Rackfay Constr. Co., 300 N. Y. 334; Mitchill v. Lath, 247 N. Y. 377.) However, the parol evidence rule has no application in a suit brought to rescind a contract on the ground of fraud. In such a case, it is clear, evidence of the assertedly fraudulent oral misrepresentation may be introduced to avoid the agreement. (See, e.g., Adams v. Gillig, supra, 199 N. Y. 314, 319.)
The provision to which we above referred — that no verbal undertakings or conditions not contained in the writing were to be binding on either party—sometimes termed a merger clause, merely furnishes another reason for applying the parol evidence rule (see Fogelson v. Rackfay Constr. Co., supra, 300 N. Y. 334, 340), and, just as that rule is ineffectual to exclude evidence of fraudulent representations, so this provision max not be invoked to keep out such proof. Indeed, if it were other - xvise, a defendant would have it in his power to perpetrate a fraud with immunity, depriving the victim of all redress, if he simply has the foresight to include a merger clause in the agreement. Such, of course, is not the law. (See Bridger v. Goldsmith, 143 N. Y. 424, 427-429; Ernst Iron Works v. Duralith Corp., 270 N. Y. 165, 169; Angerosa v. White Co., 248 App. Div. 425, 431, affd. 275 N. Y. 524; see, also, 3 Williston on Contracts [rev. ed., 1936], §§ 811-811A, p. 2277 et seq.; 3 Corbin on Contracts, § 578, p. 242 et seq.; 2 Restatement, Contracts, § 573.)
“ I assume,” Judge O’Brien long ago declared on behalf of a unanimous court in Bridger v. Goldsmith (supra, 143 N. Y. 424, 428), “ that there is no authority that we are required to follow in support of the proposition that a party who has perpetrated a fraud upon his neighbor may, nevertheless, contract with him in the very instrument by means of which it was perpetrated, for immunity against its consequences, close his mouth from complaining of it and bind him never to seek redress. Public policy and morality are both ignored if such an agreement can be given effect in a court of justice. The maxim that fraud vitiates every transaction would no longer be the rule but the exception. It could be applied then only in *162 such cases as the guilty party neglected to protect himself from his fraud by means of such a stipulation. Such a principle would in a short time break down every barrier which the law has erected against fraudulent dealing. ’ ’ In other words, ‘ ‘ the law does not temporize with trickery or duplicity. A contract, the making of which was induced by deceitful methods or crafty device, is nothing more than a scrap of paper, and it makes no difference whether the fraud goes to the factum, or whether it is preliminary to the execution of the agreement itself.” (Angerosa v. White Co., supra, 248 App. Div. 425, 431, affd. 275 N. Y. 524.) And, in the Ernst Iron Works case (supra, 270 N. Y. 165, 169), the.court wrote, “ A rogue cannot protect himself from liability for his fraud by inserting a printed clause in his contract. This principle disposes of the blanket clause providing that no representation shall be binding unless incorporated in the agreement.”
In short, a contractual promise made with the undisclosed intention not to perform it constitutes fraud and, despite the so-called merger clause, the plaintiff is free to prove that he was induced by false and fraudulent misrepresentations to assign his patents and execute the agreements. Whether he will be able to establish his allegations of fraud and deceit and whether he will be able to demonstrate that he failed for many years to discover the deception assertedly practiced upon him are questions necessarily reserved for trial. We decide only that the complaint before us states a cause of action for rescission.
The order of the Appellate Division should be reversed and the motion for judgment on the pleadings denied, with costs in all courts. The question certified should be answered in the negative.
Conway, Ch. J., Desmond, Froessel and Burke, JJ., concur with Fuld, J.; Dye and Van Voorhis, JJ., dissent and vote to affirm upon the ground that any obligation on defendants’ part to exploit this invention was of a contractual nature and does not sound in fraud.
Order reversed and matter remitted to Special Term for further proceedings in accordance with the opinion herein, with costs in all courts. Question certified answered in the negative.