**CENTRONICS FINANCIAL CORP., as assignee of Centronics Data Computer Corp., Plaintiff-Appellee,**

v.

**EL CONQUISTADOR HOTEL CORPORATION, Defendant-Appellant.**

**No. 512, Docket 77-7403.**

United States Court of Appeals, Second Circuit.

Submitted Jan. 20, 1978.

Decided April 5, 1978.

Rosenman, Colin, Freund, Lewis & Cohen, New York, N. Y. (Leonard H. Rubin and Marc Rowin, of counsel), for defendant-appellant.

Weiss, Rosenthal, Heller, Schwartzman & Lazar, New York, N. Y. (Richard F. Horowitz and Benjamin Geizhals, of counsel), for plaintiff-appellee.

Before MOORE, SMITH and GURFEIN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Centronics Data Computer Corporation, a Delaware corporation ("Centronics"), brought an action for rent due on a lease of computer equipment. Lessee, El Conquistador Hotel Corporation ("El Conquistador"), a Puerto Rico corporation, asserted as an affirmative defense and counterclaim fraud in the inducement and sought rescission of the lease. The United States District Court for the Southern District of New York, Inzer B. Wyatt, *Judge*, granted summary judgment on the issue of liability in favor of the lessor, Centronics. Trial

was held on the issue of damages and a directed verdict was granted in favor of Centronics by the court, Gerard L. Goettel, *Judge.* We find error in the grant of summary judgment and reverse and remand for trial.

On March 1, 1969 Robert Howard, president of Centronics, and Louis Puro, chairman of the board of El Conquistador, entered into a lease of computer equipment to perform accounting work for the hotel's casino in Puerto Rico for a period of five years from the date of installation at an annual rent of $35,000 payable in monthly installments. Under the terms of the lease, El Conquistador had the option of canceling at the end of 30 months after installation. Paragraph 10(a) of the agreement provided: "In the event that the equipment leased hereunder is not in repair, Lessee shall nevertheless, pay the rental due hereunder and the time lost as a result shall be added to the end of the term of the lease. . ." The agreement further stated, in paragraph 13: "Except as provided above, this lease contains the entire agreement between the parties, and may not be altered, modified, terminated or discharged except in writing."

The equipment was installed on September 1, 1969. It did not function well, although it is not clear from the record when these difficulties began. El Conquistador wrote to Centronics on May 10, 1971 that it had been having problems with the computer and requested an adjustment in rent payments because of these difficulties. On May 13, 1971 Howard replied, asserting that El Conquistador was $30,000 in arrears and stating: "Under no conditions would I consider making any adjustments until such time as the total amount due us is paid us, in accordance with our Contract, and my verbal understanding with Mr. Puro is fulfilled."

On July 31, 1971 El Conquistador gave written notice of its intent to cancel the agreement at the end of 30 months. Thereafter, however, El Conquistador reversed its decision to cancel. By letter of September 8, 1971 the initial agreement was modified

so that El Conquistador could cancel anytime after the end of the 30-month period, upon 90 days written notice.

Problems with the computer equipment continued. On July 11, 1973 El Conquistador gave Centronics notice of its cancellation of the agreement, effective in 90 days. The equipment was removed from the hotel's casino. El Conquistador claimed the computer had failed on 319 days and withheld rent due for the time the equipment was allegedly not functioning. Centronics brought an action against El Conquistador for rent due.

El Conquistador asserted fraud in the inducement as its third affirmative defense and third counterclaim to the complaint, and sought rescission of the agreement and other relief. Centronics moved for an order striking El Conquistador's affirmative defenses, dismissing its counterclaims, and granting summary judgment in Centronics' favor.

El Conquistador submitted an affidavit in which Puro stated that he had agreed to the conditions in paragraph 10(a) because Howard had falsely and fraudulently orally represented that if the computer failed to perform properly El Conquistador would be under no obligation to make payments to Centronics, anything to the contrary in the agreement notwithstanding. Puro also swore that he revoked cancellation of the agreement because Howard falsely and fraudulently orally represented that if El Conquistador would continue with the agreement it would not be required to make payments if and when the computer was not operating properly despite the provisions of paragraph 10(a).

Judge Wyatt struck El Conquistador's third affirmative defense, dismissed its third counterclaim, and granted summary judgment in favor of Centronics on the issue of liability. Centronics and El Conquistador have stipulated on appeal that "At the argument, Judge Wyatt stated that (a) the allegations contained in the affidavit of Louis Puro . . . were barred by the parol evidence rule and (b) in any event, he did not believe Puro because Puro's affidavit was incredible on its face. . . ."

782

In June, 1977 a trial was held before Judge Goettel and a jury on the issue of damages. Evidence offered by El Conquistador to support its remaining defenses and counterclaims was ruled inadmissible. A directed verdict for Centronics was granted on motion. Judgment entered on July 19, 1977. El Conquistador appeals. We have jurisdiction under 28 U.S.C. § 1291.

We find error in the striking of the third affirmative defense and third counterclaim and in granting summary judgment on the issue of liability. We do not reach the validity of the rulings on the trial of the issue of damages.

■ The parol evidence rule is a rule of substantive law governing in this case under *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Zell v. American Seating Co.*, 138 F.2d 641, 643 (2d Cir. 1943), *rev'd on other grounds*, 322 U.S. 709, 64 S.Ct. 1053, 88 L.Ed. 1552 (1944); see 1A *Moore's Federal Practice* ¶ 0.313 at 3502.

■ In considering a motion to strike a defense, "the facts underlying it must be taken to be those set up in the . . . answer," *Kelly v. Kosuga*, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1958). *Adams v. Union Dime Savings Bank*, 48 F.Supp. 1022, 1023 (S.D.N.Y.1943), *aff'd* 144 F.2d 290 (2d Cir.), *cert. denied,* 323 U.S. 751, 65 S.Ct. 85, 89 L.Ed. 602 (1944). See Fed.R.Civ.P. 12(f).

New York law is applicable under paragraph 14 of the contract in suit.

■ Under New York law a well pleaded claim of fraud in the inducement of a contract relied upon by a defendant states a sufficient issue for trial, *Sabo v. Delman*, 3 N.Y.2d 155, 159, 164 N.Y.S.2d 714, 716, 143 N.E.2d 906, 907 (1957), on which parol evidence is admissible in New York. There have long been wide differences of opinion in this field. There is little question, however, of where the New York courts stand. New York quite clearly rejects any strict application of the parol evidence rule when fraud is claimed. An oral representation which is fraudulent and which induces reliance may be a defense even though it contradicts a provision of a written con-

tract. *See Millerton Agway Co-op. v. Briarcliff Farms, Inc.*, 17 N.Y.2d 57, 61, 268 N.Y.S.2d 18, 21, 215 N.E.2d 341, 343 (1966); *see also Brandwein v. Provident Mutual Life Insurance Co.*, 3 N.Y.2d 491, 168 N.Y. S.2d 964, 146 N.E.2d 693 (1957).

■ Centronics contends, however, that the general merger clause in the agreement, paragraph 13, bars proof of fraudulent oral misrepresentation. New York law does not support this contention. Only if the written contract included a specific disclaimer of the very representation later alleged to be the foundation for rescission would such proof be barred. *See Danann Realty Corp. v. Harris*, 5 N.Y.2d 317, 184 N.Y.S.2d 599, 157 N.E.2d 597 (1959). A general merger clause will not exclude proof of fraudulent misrepresentation. *See Barash v. Pennsylvania Terminal Real Estate Co.*, 26 N.Y.2d 77, 308 N.Y.S.2d 649, 256 N.E.2d 707 (1970); *Sabo v. Delman, supra*, 3 N.Y.2d 155, 164 N.Y.S.2d 714, 143 N.E.2d 906.

■ Summary judgment was therefore improper since under *Sabo* and similar cases there are factual issues of fraud to be tried. Such questions as Puro's credibility are for the jury. *Judge v. City of Buffalo*, 524 F.2d 1321 (2d Cir. 1975); *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317 (2d Cir. 1975). Summary judgment for the plaintiff on the issue of liability and the subsequent directed verdict on the issue of damages dependent thereon are reversed.

Reversed and remanded.