OPINION OF THE COURT
Charles E. Ramos, J.
The plaintiff seeks reargument of its prior motion for summary judgment.
The motion for reargument is granted and the following *372 decision is substituted in place of the prior order of April 9, 1986.
This is a plenary action in which the plaintiff, the owner of commercial real estate, seeks to recover additional rent alleged to be due as a rent escalation from its tenant, the defendant herein.
The lease between the parties calls for the payment of rent fixed at $45,000 per annum, which rent was subject to various adjustments for real estate taxes and operating expenses. The lease provides that any increase in operating expenses over the expenses incurred in the "base year” (as that term is defined in the lease), shall be paid to the landlord in an amount equal to a percentage of the excess.
This rent escalation clause further provides that a statement consisting of "data prepared for the Lessor by a firm of Certified Public Accountants” will be furnished to the tenant, which statement shall compute the additional rent and which "shall constitute a final determination * * * of the real estate taxes and operating expenses for the period represented thereby.”
The plaintiff landlord caused a statement to be furnished to the tenant, which statement sets forth the computation called for in the rent escalation clause, that is, it compares the real estate taxes and operating expenses for the base year with the year in question, and then fixes the adjusted rent which is now sought in this action. The plaintiff landlord contends that the statement thus furnished is a conclusive determination as between the parties as to the basis of the rent escalation calculation. The plaintiff seeks summary judgment based upon the statement furnished by its CPA and the lease clause which provides that the statement is a "final determination”.
The defendant tenant questions the accuracy of the statement and in that regard seeks discovery.
There are two issues to be determined. The first is whether or not the lease provision is conclusive, for if it is, discovery is irrelevant, and the second is the adequacy of the statement itself.
The provision contained in this contract appears, in similar form, in many of the leases for commercial space in this city. This clause, which is merely "boiler plate”, provides less protection than some (for example, it does not require the CPA to certify the expenses as correct), and it confronts this court with the need to determine if the advantages of cer *373 tainty in contractual relations which would result from an automatic enforcement of the terms of the lease outweigh the harm and injustice which may result from such a lease if the statement given to the tenant is erroneous or fraudulent.
The defendant asks that if the plaintiffs statement is conclusive, then what is to prevent the defendant, and all other tenants, from being double billed for expenses? Can the plaintiff, or any landlord, immunize himself from his own error or fraud?
On the other hand, the defendant was not forced to execute the lease as presented. In the plainest language, the lease stipulated that the statement submitted by the plaintiffs CPA would be conclusive, and the plaintiff contends that no circumstances exist that would warrant nullifying any provision of the lease.
This court is of the opinion that the policy of this State is that fraud vitiates every agreement which it touches, in the inducement as well as in the performance. The law should not, and does not, permit a covenant of immunity to be drawn that will protect a person against his own fraud. Such is not enforceable because of public policy. (See, Industrial & Gen. Trust v Tod, 180 NY 215.) "[A] party who has perpetrated a fraud upon his neighbor may [not] contract with him in the very instrument by means of which it was perpetrated, for immunity against its consequences, close his mouth from complaining of it and bind him never to seek redress. Public policy and morality are both ignored if such an agreement can ' be given effect in a court of justice. The maxim that fraud vitiates every transaction would no longer be the rule but the exception.” (Bridger v Goldsmith, 143 NY 424, 428.)
Notwithstanding the fact that the defendant read and understood the lease, it was entitled to expect that the computation of rent escalation, in futuro, would be made in good faith. It should be noted that the facts set forth in the CPA statement are not matters within the defendant’s own knowledge nor does the defendant have the means available to it of knowing the truth by the exercise of ordinary intelligence.
This court holds that a lease provision which purports to conclusively determine a rent escalation by a computation rendered by the landlord’s CPA is nevertheless subject to the right of the tenant to demonstrate, in a plenary action, that the computation was made in error or was made fraudulently. The court notes that under the rules governing a decision by *374 an arbitrator (which the landlord’s CPA could be compared to) an award can be vacated on the basis of fraud or modified on the basis of a miscalculation. In light of the limited defense being asserted by the defendant tenant (fraud or inadvertent double-billing), this court must reject the plaintiff landlord’s contention that the clause in question waives the defendant’s right to discovery and prove fraud. On this issue alone, summary judgment must be denied.
The court must also point out that the sufficiency of the CPA statement must be determined at trial. The statement in question, according to the lease, is to be "data prepared for the Lessor” by a firm of CPAs. Instead, the plaintiff relies upon an uncertified statement of cash revenues and expenses which has not been prepared on the basis of generally accepted accounting principles and which statement is "limited to presenting in the form of financial statements information that is the representation of management (the owners). We have not audited * * * the * * * statements”.
The trial court will determine if by merely tabulating information supplied by the owners, the statement is "data prepared for the Lessor”.
The rules applied by this court should not prejudice parties who deal fairly with one another, while eliminating any judicial protection from dishonest transactions. Whether or not the statement submitted by the plaintiff is proper cannot be determined on this motion. The defendant is entitled to its day in court.
Accordingly, the plaintiff’s motion is denied in its entirety.