Gene L. SIMMS, Simms–Vona Limited Partnership, and Carlo Vona, Plaintiffs,

v.

George BIONDO, Perry M. Duryea, Jr., David A. Webb, Thomas Carusona, Toni DiLeo, Resolution Trust Corporation as Receiver of Eastern Federal Savings and Loan Association, and James F. Donelan, Defendants,

The Connecticut National Bank, Additional Counterclaim Defendant.

No. 90–CV–3184 (JRB).

United States District Court, E.D. New York.

Oct. 20, 1994.

David Boies, Cravath, Swaine & Moore, New York City, Edward N. Lerner, Bridgeport, CT, for plaintiffs.

Charles S. Webb, III, Berger Stern & Webb, New York City, for defendants.

## MEMORANDUM—DECISION AND ORDER

BARTELS, District Judge.

Defendants George Biondo, Perry Duryea, and David Webb move this Court under 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure for an order imposing sanctions against plaintiffs Gene Simms, Carol Vona, and Simms–Vona Partnership and their attorneys Brown, Paindiris & Zarella, Cravath, Swaine & Moore, Edward Lerner, Esq., and David Boies, Esq. (collectively "Plaintiffs' Counsel"). For the reasons set forth below, defendants' motion is denied.

### BACKGROUND

The events underlying this action are set forth at length in this Court's February 26, 1993 memorandum-decision and order grant-

ing defendants' motion for summary judgment, *Simms v. Biondo*, 816 F.Supp. 814 (E.D.N.Y.1993), familiarity with which is assumed. The Court therefore recites only those facts relevant to the present motion.

Defendants Biondo, Duryea, and Webb (collectively "Sellers") sold to plaintiffs a 40–acre tract of real property located in Shelter Island, New York. After discovering that the subject property was worth significantly less than Sellers allegedly had represented, plaintiffs brought an action claiming fraud on the part of Sellers, their real estate broker, Eastern Federal Savings and Loan (the bank that financed the sale), and a principal of Eastern Federal. At the time of filing the action, plaintiffs were represented by Cravath, Swaine & Moore. Because Cravath, Swaine & Moore already represented the Resolution Trust Corporation—which, after Eastern Federal filed bankruptcy, was appointed receiver of defendant bank—in an unrelated matter, in January 1992 this Court disqualified the law firm from further representation of plaintiffs in the present action. The Court then granted summary judgment in favor of defendants and ordered foreclosure on the subject property. Foreclosure was finalized February 4, 1994.

Defendant Sellers now seek to impose sanctions against plaintiffs and their attorneys under Rule 11 and 28 U.S.C. § 1927. Sellers argue that plaintiffs, and in particular Plaintiffs' Counsel, engaged in sanctionable conduct in that they: filed an action without reasonable inquiry into the merits of the claims asserted therein; continued to prosecute the claims, which Sellers allege lack evidentiary support; prepared submissions on a *pro bono* basis in violation of this Court's order disqualifying Cravath, Swaine & Moore; and submitted opposition to defendants' motion for summary judgment.

### DISCUSSION

A. *Sanctions Under Rule 11*

█ Rule 11, as it existed at the time of the conduct in question,[1] provides in pertinent part that:

---

1. The Court must apply the version of Rule 11 that was in effect at the time of the alleged

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Rule 11 imposes upon the signer of court papers an "affirmative duty to make a reasonable inquiry into the factual and legal viability of the claims" asserted therein. *Paese*, 158 F.R.D. 34, 37. *Accord Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir.1985). On a motion seeking sanctions, the question before the court is whether the signing of each document in question was reasonable under the surrounding circumstances. *Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, 498 U.S. 533, 551, 111 S.Ct. 922, 932–33, 112 L.Ed.2d 1140 (1991). In making this determination, the court resolves all doubts in favor of the non-movant, *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir.1993), and confines its inquiry to the objective reasonableness of the signing without delving into the signer's subjective belief. *United States v. International Bhd. of Teamsters*, 948 F.2d 1338, 1344 (2d Cir.1991).

The Court is not convinced that commencement of this suit warrants imposition of sanctions. In support of their motion, Sellers correctly recite the requisite elements of a fraud claim; however, they fail entirely to demonstrate what elements plaintiffs' pleading omitted, or why filing of the action was objectively unreasonable. Sellers instead argue that inclusion of a standard real

estate contract merger clause [2] in the parties' contract of sale vitiates all possible claims of fraud. Contrary to what Sellers apparently believe, however, the existence of such a clause does not shield them from any and all liability arising from a fraud allegedly committed in connection with the sale. *See Centronics Fin. Corp. v. El Conquistador Hotel Corp.*, 573 F.2d 779, 782 (2d Cir.1978) (and cases cited therein).

The overriding purpose of Rule 11 "is to deter baseless filings in District Court and thus ... streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). *Accord Paganucci v. City of New York*, 993 F.2d 310, 312 (2d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 90, 126 L.Ed.2d 58 (1993). The rule therefore "is targeted at situations 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'" *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005 (2d Cir.) (quoting *Eastway Constr. Corp.*, 762 F.2d at 254), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 109 (1988). Plaintiffs and Plaintiffs' Counsel grounded the complaint on a viable legal theory, and the Court cannot say that at the time the complaint and amended complaint were filed, the claims asserted therein had "absolutely no chance of success" so as to justify imposition of sanctions. Sellers attack the ultimate merits of plaintiffs' claims and scrutinize with great zeal the overall strength of their case. Whether plaintiffs could have been successful at trial, however, is not at issue on the present motion. Defendants already achieved victory on their motion for summary judgment, and it is neither effective nor appropriate for them to launch a renewed attack in

---

violations to determine whether plaintiffs and their attorneys engaged in sanctionable conduct. *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir.1994); *Paese v. New York Seven–Up Bottling Co., Inc.*, 158 F.R.D. 34, 36–37 (S.D.N.Y.1994); *Jenkins v. Sea–Land Serv., Inc.*, 1994 WL 445642, at \*7, 1994 U.S.Dist. LEXIS 11477 at \*21 (S.D.N.Y. August 17, 1994).

**2.** The clause at issue here, which appears at paragraph 22 of the parties' contract of sale, states that "all prior understandings and agreements between Seller and Purchaser are merged in this contract. It completely expresses their full agreement. It has been entered into after full investigation, neither party relying upon any statement made by anyone else that is not set forth in this contract."

the context of a motion seeking sanctions. Sellers' approach not only is futile, but wastes precious judicial resources.

Sellers' showing also falls short with respect to their claim that continued prosecution of the action and the filing of papers opposing Sellers' motion for summary judgment merit sanctions under Rule 11. Although Sellers accuse plaintiffs of engaging in vexatious and insupportable litigation, Sellers have set forth no specifics substantiating their charges of baseless litigation. Absent some showing that plaintiffs and Plaintiffs' Counsel possessed information rendering continued prosecution of the action and submission of opposition papers objectively unreasonable, imposition of sanctions remains improper. The Court does not share Sellers' view of plaintiffs' claims as wholly without merit, and therefore concludes that plaintiffs' and Plaintiffs' Counsel's conduct was neither unreasonable nor incompetent.

■ Sellers likewise have presented no evidence to substantiate their allegations of improper participation by members of Cravath, Swaine & Moore following this Court's order of disqualification. Although plaintiffs concede the firm's limited participation in the appeal of this Court's January 1992 disqualification order, such appellate participation is not improper. *See Evans v. Artek Sys. Corp.*, 715 F.2d 788 (2d Cir.1983). Accordingly, Sellers' motion for sanctions for the alleged violation of the disqualification order also is denied.

Plaintiffs assert that the Court must deny Sellers' Rule 11 motion on the additional ground that the motion was not filed in a timely manner. Because the Court has denied the motion on the merits, it is not necessary to address whether Sellers were derelict in filing at this late stage of the litigation. Finally, because there remain no outstanding factual issues, plaintiffs' request for a full hearing on the present motion is denied.

**B.** *Sanctions Under 28 U.S.C. § 1927*

■ Sellers also seek to recover from Plaintiffs' Counsel attorneys' fees and costs under 28 U.S.C. § 1927. Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To succeed on a motion brought pursuant to Section 1927, it is incumbent upon defendant Sellers to demonstrate that Plaintiffs' Counsel intentionally abused the judicial system. *Gianna Enters. v. Miss World (Jersey) Ltd.*, 551 F.Supp. 1348, 1359 (S.D.N.Y.1982). Unlike Rule 11, the prohibition against vexatious litigation requires a clear showing of bad faith on the part of the offending attorney. *McMahon v. Shearson/American Express, Inc.*, 896 F.2d 17, 23 (2d Cir.1990). To demonstrate bad faith, the movant must proffer " 'clear evidence' that the claims are 'entirely without color *and* made for reasons of harassment or delay or for other improper purposes.' " *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir.1980) (quoting *Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1088 [2d Cir.1977] ). *Accord Gianna Enters.*, 551 F.Supp. at 1359.

Sellers have failed to demonstrate that the actions undertaken by Plaintiffs' Counsel were "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). As stated above, Sellers' showing does not persuade the Court that plaintiffs' claims lacked a reasonable legal basis. Moreover, defendant Sellers have proffered absolutely no evidence upon which the Court could find that Plaintiffs' Counsel acted in bad faith. Defendants argue only that Plaintiffs' Counsel failed properly to investigate plaintiffs' claims before filing the action, and that they continued to prosecute those claims without sufficient evidentiary support. However, there exists no "clear evidence" that plaintiffs' claims were so preposterous as to warrant the conclusion that Plaintiffs' Counsel engaged in dilatory and abusive tactics or purposefully prolonged litigation of meritless claims. Consequently, the motion for sanctions under 28 U.S.C. § 1927 must be denied.

## CONCLUSION

For the reasons set forth above, defendant Sellers' motion for sanctions pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure hereby is DENIED.

SO ORDERED.