■ RICHARD ALTOMARE et al., Appellants, v BALNIR, INC., et al., Respondents. (And Another Action.) [765 NYS2d 870] —Order, Supreme Court, New York County (Paula Omansky, J.), entered February 26, 2002, which denied plaintiffs' motion to consolidate this breach of contract action with a summary nonpayment proceeding commenced by defendant Balnir, Inc. in Civil Court and granted defendants' cross motion to dismiss the complaint without prejudice to plaintiffs' assertion of their claim for the $45,000 "vacate" payment in the Civil Court proceeding, unanimously reversed, on the law, without costs, defendants' cross motion denied, the complaint reinstated, plaintiffs' motion granted and the action and summary proceeding consolidated in Supreme Court, New York County.

This is an action by the lessees of a condominium unit at One Central Park West, alleging breach of a stipulation of settlement in which the defendant owners of the apartment agreed, inter alia, that, in consideration of the lessees' cooperation in making the unit available for display to potential buyers, they would pay an "incentive sum" which increased or decreased depending on whether the apartment was sold prior to or after December 31, 2000. In the event no sale took place before June 30, 2001, no incentive sum would be paid. As a separate incentive, the lessees would receive $45,000 if they vacated the apartment by June 30, 2001.

In dismissing the complaint based upon "documentary evidence" and for failure to state a cause of action, the motion court erroneously relied upon the parties' agreement itself, which plaintiffs claim was fraudulently induced. Such a claim

necessarily relies upon extrinsic evidence that cannot be found in the terms of a written agreement and such agreement cannot constitute the documentary basis for this type of dismissal.

The court also held that whatever oral representations defendants may have made to plaintiffs that they would use their best efforts to sell the unit were nullified by the standard merger clause in the agreement. However, it is well settled that a general merger clause does not bar extrinsic evidence of a fraudulent misrepresentation (*Sabo v Delman*, 3 NY2d 155, 161 [1957]).

In light of our reinstatement of the complaint, plaintiffs' motion to consolidate should be granted. Concur—Tom, J.P., Andrias, Saxe and Williams, JJ.