■ TEGRA S.A., Appellant, v BOMBARDIER, INC., Respondent. [915 NYS2d 61]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 14, 2009, which granted defendant's motion to dismiss the complaint on the ground of forum non conveniens, and order, same court and Justice, entered April 29, 2010, to the extent it denied plaintiff's motion for renewal, unanimously affirmed, with costs. Appeal from so much of the April 29, 2010 order as denied plaintiff's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.

The court properly granted defendant's motion to dismiss the

complaint on the ground of forum non conveniens (see CPLR 327; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-480 [1984], *cert denied* 469 US 1108 [1985]). Plaintiff is a Luxembourg company whose principal is a Turkish resident. Defendant is a Canadian corporation, with its principal place of business in Montreal, Quebec. The subject agreement for the sale and purchase of an aircraft that was built in Quebec was not executed in New York. Almost all the witnesses reside in Quebec, and none reside in New York. Thus, there is a substantial nexus between Quebec and the dispute over the alleged breach of the agreement and no nexus between New York and the dispute. While the agreement contains a choice of law provision in favor of New York law, a choice of law provision is not a forum selection clause.

Plaintiff failed to support its contention that its principal, Taner Yilmaz, was defrauded by defendant into believing that the choice of law provision was also a forum selection clause. Yilmaz does not aver that anybody told him that. Moreover, he was represented by counsel. In light of his statement that he would not have entered into the agreement if he had known that Canadian courts could be the forum for disputes, it is inconceivable that Yilmaz executed the agreement for the purchase of a $20 million aircraft without consulting counsel on this deal-breaking issue. In any event, the agreement also contains a merger clause, expressly disavowing any prior agreement, oral or otherwise, and requiring any modification of the agreement to be in writing. Having failed to set forth any facts showing a misrepresentation by defendant, plaintiff has not alleged a fraud sufficiently to overcome the merger clause (see *Hobart v Schuler*, 55 NY2d 1023 [1982]; *Sabo v Delman*, 3 NY2d 155, 161 [1957]).

The court correctly denied plaintiff's motion to renew based on the fact that the subject aircraft was sold and moved from Quebec to Wisconsin during the pendency of the motion to dismiss, since, as the court noted, the location of the aircraft is not a significant factor in considering the forum non conveniens question. In any event, the aircraft's location in Wisconsin provides no support for a finding that New York is the more convenient forum.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.